GREAT   WESTERN   PRINTING   COMPANY, Respondent, v. BELCHER, Appellant.

**St. Louis Court of Appeals, September 23, 1907.**

1. **JUSTICES OF THE PEACE: Filing Instrument Sued On.** A statement of an account with a guaranty indorsed on it, was filed before a justice of the peace as the plaintiff's cause of action against the guarantor and afterwards an amended statement was filed. On appeal to the circuit court the original account was transmitted with the justice's transcript. This was sufficient filing of the instrument sued on under section 3853, Revised Statutes 1899.

2. ———: **Pleading.** A pleading filed before a justice of the peace, which apprises the defendant of the nature of the cause for which he is sued, and is sufficiently definite to bar another action for the same subject-matter, is sufficient.

3. **STATUTE OF FRAUDS: Guaranty: Terms of Contract.** In an action against the guarantor of an account, where the account sets forth the items of debit, the dates, the names of the debtor and the creditor, and across the face of the account the defendant wrote "guaranteed" and signed his surname underneath the word, this was a sufficient memorandum of an agreement to pay the debt of another to be without the Statute of Frauds. (1) The signature was sufficient without giving the guarantor's first

name.   (2) The undertaking was sufficiently stated although no time of payment was mentioned, the presumption being, in the absence of anything to the contrary, that payment was to be made on delivery.

4. ———: ———: **Parol Evidence to Vary Writing.** While parol evidence may not be introduced to piece out an insufficient memorandum under the Statute of Frauds, nevertheless parol evidence may be resorted to for the purposes of explaining the circumstances under which the writing was made, such as the situation and relation of the parties and the nature of the indebtedness for which the writing is given.

5. **GUARANTY: Demand.** In an action against a guarantor of an account, where the contract of guaranty is commensurate with the undertaking of the principal, whatever proof will make a case against the principal will make a case against the guarantor; no demand upon the principal is necessary in order to recover against the guarantor.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

AFFIRMED.

*William F. Smith* for appellant.

(1) The so-called written contract of guaranty was void for indefiniteness and uncertainty.   Donnell Newspaper Co. v. Jung, 81 Mo. App. 577; Rechnitzer v. Vogelsang (Mo. App.), 93 S. W. 326; Lamb v. Bush, 49 Mo. App. 337; State to use v. Wallendorf, 187 Mo. 1; Brashears v. Stock, 46 Mo. 221.   (2) The contract of guaranty was "so entirely barren as to state nothing at all—to amount to a mere nullity, it is not amendable in the circuit court," nor in the justice court.   Dahlgreen v. Yocum, 44 Mo. App. 277; Rosenburg v. Boyd, 14 Mo. App. 429.   (3) The terms of a contract of a guarantor must be strictly construed as the separate and independent contract of the guarantor, and must be separately sued upon.   Graham v. Ringo, 67 Mo. 324; Parmerlee v. Williams, 71 Mo. 410; Allen v. Bank, 4 Mo. App. 66; Same v. Same, 70 Mo. 524; Mitchell v. Raelton, 45 Mo. App. 273; Schoonover v. Osborne, 108

Iowa 453; Mt. Calvary Church v. Albers, 174 Mo. 331. (4) The testimony of plaintiff's own witness shows that no demand was ever made by plaintiff of Michaels (the debtor) for the payment of the demand. This alone made it the duty of the trial court to sustain defendant's demurrer to the evidence and case made, at the close of plaintiff's case. This is not a question of notice but of demand and default. Tucker v. Gentry, 93 Mo. App. 655; 1 Brandt on Suretyship and Guar:, secs. 217, 218; 20 Cycl. of Pl. & Pr., 1417, 1461, 1458; Fischer v. Cutter, 20 Mo. 206; Schwartz v. Hyman, 107 N. Y. 562; Ranken v. Childs, 9 Mo. 673.

*S. T. G. Smith* for respondent.

NORTONI, J.—This case originated before a justice of the peace and several of the arguments advanced here relate to the proceedings had in that court. However that may be, the case found its way into the circuit court where judgment was given for the plaintiff and defendant appeals. So much of the proceedings had in the circuit court which are relevant to the arguments advanced for a reversal of its judgment only will be noticed.

The amended statement filed before the justice of the peace and upon which the case was tried, omitting caption, is as follows:

"Plaintiff for an amended statement, says that W. M. Michaels and others did contract the bill with the Great Western Printing Company, amounting to $44.50, the statement of which is hereto attached and made a part of this statement.

"Plaintiff further states that before the delivery of the goods and as a consideration for the delivery of said goods the defendant, in writing, guaranteed the payment of said account.

"Plaintiff further states that said W. M. Michaels and others failed to pay said bill, whereupon it. de-

manded the same of defendant, who refused to pay it.

"Whereupon plaintiff prays judgment against the defendant on said guarantee for the sum of forty-four dollars and fifty cents ($44.50)."

To which statement was annexed the following account stated:

"St. Louis. Nov. 18, 1905.

"*W. M. Michaels,*

World's Fair Employees,

|  |  | To Great Western Printing Co. | Dr. |
|---|---|---|---|
| To 1000 | 1 Sheet Posters | ................... | $12.50 |
| To 200 | 3 Sheet Posters | ................... | 12.00 |
| To 100 | 8 Sheet Posters | ................... | 20.00 |

$44.50"

Upon a trial, it appeared that one W. M. Michaels, for himself and others, ordered from the plaintiff, a printing establishment, the posters mentioned in the account, the purpose of which was to advertise a ball about to be given. Plaintiff proceeded to print the posters but declined to deliver the same without pay unless the account therefor be guaranteed; whereupon, before delivery of the posters, this defendant, in consideration of the delivery thereof to be made to said Michaels, agreed to and did guarantee the payment of the account and as evidence of the agreement, wrote in pencil across the face of the original account, the words, "Guaranteed. Belcher." Whereupon the posters were duly delivered, etc. This original account and the defendant's written indorsement thereon, were filed in the first instance before the justice of the peace as the original cause of action under the provisions of section 3852, Revised Statutes 1899. Summons was issued thereon and defendant appeared thereto. The

statement was afterwards amended, however, in compliance with the wishes of defendant, he having moved therefor, and as amended, is above set out. The original account with the defendant's guarantee indorsed thereon, remained as one of the files in the case, both in the justice of the peace and circuit courts, and as appears, it came up to the circuit court with the justice's transcript as the second paper annexed therein after the amended statement of the case. This was a sufficient filing of the paper in the case, under section 3853, Revised Statutes 1899. [Randall v. Lee, 68 Mo. App. 561.]

2. It is insisted, however, that the statement on which the case was tried is insufficient to support the judgment. There is no merit in this proposition whatever. Our statute provides no formal pleadings shall be required in cases originating before a justice (sec. 3852, R. S. 1899), and the courts have adjudged time and time again that if the statement filed apprises the defendant of the nature of the cause for which he is sued and is sufficiently definite to bar another action for the same subject-matter, it will be sufficient. [Iba v. Railroad, 45 Mo. 469.]

3. The suit being on defendant's undertaking of guaranty, it is of course a proceeding where one person is sought to be held for the debt or default of another, and therefore falls within the provisions of our Statute of Frauds (sec. 4318, R. S. 1899). The argument is advanced on this proposition that the written memorandum of guaranty is indefinite and insufficient with respect to such matters under that statute. Now the memorandum referred to is certainly not so indefinite as to be nugatory under the rule mentioned. It is as follows:

"St. Louis, Nov. 18, 1905.

"*W. M. Michaels,* World's Fair Employees,

"Geo. Belcher.

To Great Western Printing Co., 315 Elm St.

To 1000 1 Sheet Posters ...................$12.50

To  200 3 Sheet Posters ................... 12.11

To  100 8 Sheet Posters ................... 20.00

                                          $44.50"

"Guaranteed, Belcher."

It clearly shows all the elements essential to a sufficient memorandum under the statute. It shows, first, the original parties; the debtor, W. M. Michaels; the creditor, the plaintiff, Great Western Printing Company; and the defendant, Belcher, as guarantor for the debt of Michaels. It shows the date of the items of account to be November 18, 1905, and the several items, with a separate charge for each, together with the sum total thereof. Now on this itemized account, which, in the absence of terms of credit thereon, signified the indebtedness on the part of Michaels to the plaintiff, payable on delivery of the goods, the defendant indorsed in his own hand, the word "Guaranteed" and signed his name, "Belcher" across the face thereof. It is true he did not sign his first or given name. His undertaking is not void for this, however. It would be sufficient if his initials only were affixed. [Browne on Statute of Frauds (5 Ed.), sec. 362.] It is suggested, however, that it is insufficient for the reason no time is provided for the payment. This cannot be, for it is well settled that if no terms of credit appear, the presumption is the agreement was to pay cash on delivery of the posters, and the memorandum may be entirely sufficient in view of this presumption of law, even though silent in this respect. [Browne on Statute of Frauds (5 Ed.), sec. 382.] Next, it is argued there appears no sufficient consideration on the face of the memorandum.

This question was long since settled under a contract of guaranty by Chancellor KENT in Leonard v. Bredenburgh, 8 Johns. (N. Y.) 40, wherein it was adjudged the employment of the word "guaranty" implies, when it does not appear to the contrary, that the entire matter was one concurrent act and the contract of guaranty was a part of the original agreement, supported by the same consideration. [See Browne on Statute of Frauds (5 Ed.), sec. 407.] While it is true, parol evidence may not be introduced to alter or vary the writing, nor to add to or piece out an insufficient memorandum under the statute so as to supply substantial provisions not present in the writing, the law is settled to the effect that parol may be resorted to for the purpose and to the extent of informing the court of the situation of the parties and the circumstances under which the writing was made, in order to indue the court with the knowledge of the facts and circumstances surrounding and immediately connected with the transaction and the true situation of the parties at the time of contracting, to the end that the court may know and understand to what the terms of the contract shall apply. [Darnell v. Lafferty, 113 Mo. App. 282-303.] When resort was had to parol proof in this case to the extent mentioned, the situation was revealed to be one where Michaels was indebted to plaintiff in the sum indicated for the posters, which posters plaintiff declined to deliver without a guaranty, and the payment of this indebtedness, due upon the delivery of the posters, was the obligation assumed by the defendant when he indorsed the word "guaranteed" and signed his name, "Belcher" across the face of the itemized account then presented. The memorandum is therefore found to be complete in itself without piecing it out or adding a term or stipulation by parol.

4.   The evidence shows no effort was made to collect the account from Michaels, the principal, and for

this reason, it is argued, no recovery could be had against this defendant as guarantor. The general rule is, if the contract of guaranty is absolute, as in this case, the liability of the guarantor is commensurate with that of the principal, and whatever proof will make a case against the principal, will likewise make a case against the guarantor thereunder. Therefore, as proof of demand is not necessary to support an action against the principal for a breach of his contract, it is not necessary to allege or prove notice of or demand upon and the default of the principal to charge the guarantor. [14 Am. and Eng. Ency. Law (2 Ed.), 1141, 1149, 1153; 20 Cyc. Law and Proc., 1459.] That this rule is adhered to in Missouri, is manifest from the following cases in point. [Wright v. Dyer, 48 Mo. 525; Barker v. Scudder, 56 Mo. 272; Airey v. Pearson, 37 Mo. 424.] For authorities on the point that no notice of nonpayment by the principal is due to the guarantor under such an absolute undertaking, see Singer Mfg. Co. v. Hester, 71 Mo. 91; Davis Machine Co. v. Jones, 61 Mo. 409; Barker v. Scudder, 56 Mo. 272; Airey v. Pearson, 37 Mo. 424. Of course, were the undertaking of guaranty conditional or other than an absolute undertaking, the rule referred to would not obtain. [See 14 Am. and Eng. Ency. Law ( 2 Ed.), 1141; Brandt on Suretyship, secs. 217, 218; Fisher v. Cutter, 20 Mo. 206.] The guaranty in the case at bar is absolute on its face. No condition or limitation is attached thereto, and therefore the plaintiff was not required to endeavor to collect from Michaels, the principal, before proceeding against defendant guarantor.

The case was well tried and the judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.