Richard P. EDWARDS, Respondent,

v.

George F. HEIDELBAUGH,
Jr., Appellant.

No. 39803.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 24, 1978.

Schlechter & Zerman, Allan H. Zerman, David V. Collignon, Clayton, for appellant.

Armstrong, Teasdale, Kramer & Vaughn, Frederick H. Mayer, St. Louis, for respondent.

REINHARD, Judge.

This is an appeal from a summary judgment entered in the trial court under Rule 74.04, V.A.M.R., in favor of the plaintiff and against the defendant as the result of defendant's personal guaranty of a promissory note. Judgment was entered in the amount of $30,008.00. On appeal defendant submits that the trial court erred in rendering summary judgment because there remains a genuine issue of fact as to the lack of consideration for his personal guaranty and therefore plaintiff was not entitled to a judgment as a matter of law.

From the record we learn that M.A.R. Promotions, Inc. (hereinafter called M.A.R.) was a corporation formed to promote and operate Mid-America Raceways in Wentzville, Missouri. Defendant was an officer and a major shareholder in M.A.R. In June of 1976, M.A.R. contacted plaintiff, who was doing business as Midwest EON, for the purpose of having plaintiff become a co-sponsor of a USAC champion stock car race which was to be held on July 4, 1976, in Wentzville. On June 22, 1976, M.A.R. executed a sponsorship agreement for the aforementioned race, which was to be called the "EON Bicentennial 250". Also on that date M.A.R., by its officers, executed a promissory note payable to plaintiff in the amount of $31,680.00. Plaintiff signed the sponsorship agreement on June 23, 1976. Also on June 23, 1976, a personal guaranty was given to plaintiff by defendant and another officer of M.A.R. which plaintiff alleges was to insure payment of the note.

The race was held as planned; however, it was not a financial success. On July 6, 1976, M.A.R. made a payment of $4,400.00 to plaintiff. No further payments were made. Plaintiff then filed suit against defendant based on the personal guaranty.

Plaintiff's petition alleged that M.A.R., for value received, executed and delivered to plaintiff a promissory note in the amount of $31,680.00 payable on demand and if no demand is made then payable on July 6, 1976. The petition further alleged that there has been credited on the note a payment in the sum of $4,400.00. The petition also alleged that the note provided for 10% attorney fees if placed in the hands of an attorney for collection, which it alleged was done. The petition further alleged that "On or about June 23, 1976, contemporaneous with the execution of the promissory note attached hereto as Exhibit 'A', and in consideration thereof, defendant George E. [sic] Heidelbaugh, Jr., signed a guaranty, a copy of which is attached hereto, marked as Exhibit 'B;' [sic] and incorporated herein." The petition further alleged that the unpaid balance including the attorney fees is $30,008.00, and that plaintiff has made demand upon defendant for the payment of said sum and defendant has refused to pay.

The transcript does not contain defendant's original answer but his first amended answer, filed subsequent to the motion for summary judgment, denies generally most of the allegations in the petition and states "that with regards [sic] to Paragraph 6 of the Plaintiff's Petition there is a total lack of consideration to support the alleged guaranty."

The principles of law governing the appellate review of summary judgments are quite settled. In ruling on a motion for summary judgment, the trial court and the

appellate court must scrutinize the record in the light most favorable to the parties against whom the motion was filed and the judgment was rendered, and to accord to such parties the benefit of every doubt. *Phegley v. Porter-DeWitt Construction Co.,* 501 S.W.2d 859, 863 (Mo.App.1973); *Pagan v. City of Kennett,* 427 S.W.2d 251, 252 (Mo.App.1968). A summary judgment may only be rendered where it is made manifest by the pleadings, deposition and admissions on file, together with any affidavits, that there is no genuine issue of material fact. Rule 74.04(c); *Phegley, supra* at 863. A genuine issue of fact exists for the purpose of avoiding a summary judgment whenever there is the slightest doubt as to the facts. *Maddock v. Lewis,* 386 S.W.2d 406, 409 (Mo. 1965), *cert. den.,* 381 U.S. 929, 85 S.Ct. 1569, 14 L.Ed.2d 688. The burden rests upon the movant (in this case upon the plaintiff) to show by "unassailable proof" that there is no genuine issue of fact. Rule 74.04(h); *Phegley, supra* at 863.

Plaintiff's motion for summary judgment relied upon the pleadings, deposition, answers to interrogatories and admissions on file. Defendant did not respond to the motion, but argues that there remains a genuine issue of fact as to the lack of consideration for his personal guaranty, and therefore that plaintiff was not entitled to a judgment as a matter of law. The only issue raised was whether the guaranty was executed contemporaneously with the contract and therefore whether there was the necessary consideration to support the guaranty.

■ A guaranty is a separate independent contract and requires consideration. A contract of guaranty when executed contemporaneously with the original contract may be considered part of the original contract and hence, may be supported by the same consideration. *Tri-State Lumber & Shingle Co. v. Proctor,* 233 Mo.App. 1207, 128 S.W.2d 1116, 1121 (1939); *Great Western Printing Co. v. Belcher,* 127 Mo.App. 133, 104 S.W. 894, 895 (1907). As stated in *Great Western Printing Co., supra,* 104 S.W.

at 895, "the word 'guaranty' implies, when it does not appear to the contrary, that the entire matter was one concurrent act and the contract of guaranty was a part of the original agreement, supported by the same consideration."

Examination of defendant's deposition, and his responses to plaintiff's request for admissions and plaintiff's interrogatories propounded to defendant reveals the following. Defendant admits the execution of the note on June 22, 1976 by the officers of M.A.R. He further admits the execution of the contract between M.A.R. and Edwards wherein Edwards was to provide the funds for the race, and in conjunction M.A.R. was to execute the note.[1] He also admits that the corporation signed the contract on June 22, 1976, the same day it signed the note, and that Edwards signed the contract on June 23, 1976. Further, defendant admits that the guaranty was executed and dated June 23, 1976, the same day as the contract, and that the only amount paid on said note was the sum of $4,400.00. Defendant raises no issue as to the validity of the note, nor does he contest that the amount of the judgment is proper. The question raised is whether there was "unassailable proof", as required by Rule 74.04(h), that the guaranty was executed contemporaneously with the contract. We find there to be such proof in this case.

■ The personal guaranty given by defendant to Edwards was signed on June 23, 1976, the day after the note was executed and the same day upon which the contract was completed. There was a single contract between the parties relating to this single 4th of July race. Furthermore the guaranty was a continuing one relating to all past and future debts. Coupled with this is defendant's statements in his deposition that he had provided plaintiff with personal financial statements, although he did not specify exactly when these statements were given, and that he had discussed the guaranty sometime prior to signing it. Another factor is defendant's posi-

1. We note here that the contract made no mention of a guaranty.

tion as a major stockholder in M.A.R. so that any contract created between Edwards and M.A.R. would be to his benefit. It is clear that the guaranty was a significant part of this entire contractual arrangement between M.A.R. and EON. Thus it appears from the record that the entire matter was a single transaction concerning the same subject matter, that the signing of the note, contract and guaranty were legally contemporaneous, and therefore that the contract and note themselves constituted adequate consideration for the guaranty. That the guaranty was executed the day after the note was executed does not preclude a finding that the guaranty was executed contemporaneously with the note and contract. See *Centennial State Bank v. S. E. K. Construction Co., Inc.*, 518 S.W.2d 143, 150 (Mo. App.1974).

Defendant denies that the guaranty was given contemporaneously with the note, and that a material issue of fact is presented in this regard. However, defendant's mere denial in the face of the deposition, interrogatories and admissions offered by plaintiff is not enough. In Missouri, when a party to litigation is confronted by a proper motion for summary judgment under Rule 74.04, supported by interrogatories and admissions as well as pleadings, that party cannot sit idly by, rely on his pleadings of denial or ultimate facts, or argue that he has evidence for trial that will disclose issues of fact. Rather he must come forward with "specific facts" which demonstrate that a material issue does in fact exist. *First National Bank of Liberty v. Latimer*, 486 S.W.2d 262, 266 (Mo.1972). Otherwise he is vulnerable to the "harsh and drastic" remedy of summary judgment. *Kroh Brothers Dev. Co. v. State Line Eighty-Nine, Inc.*, 506 S.W.2d 4, 12 (Mo. App.1974); Rule 74.04(e).

Applying this principle, we find that defendant has failed to come forward with specific facts tending to show that the contract, note and guaranty were not contemporaneous. Defendant's testimony in his deposition that he did not remember when the guaranty was signed was not a specific

fact sufficient to create a material issue of fact, particularly in light of his admission in his interrogatories that the guaranty was first signed on June 23, 1976. Defendant has failed to meet his burden of rebuttal and is left helpless to the remedy of summary judgment.

Accordingly, the judgment of the trial court is affirmed.

GUNN, P. J., and KELLY, J., concur.