Mildred E. KURTZ, William L. Kurtz, Sr. and William L. Kurtz, Jr., Appellants,

v.

Adam B. FISCHER and Howard Quarries, Inc., Respondents.

No. WD 30746.

Missouri Court of Appeals, Western District.

June 9, 1980.

Robert H. Ravenhill, Marshall, for appellants.

James T. Buckley, Sedalia, for respondents.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

In this action plaintiffs-appellants sought to avoid the encumbrance of a deed of trust which conveyed real estate as security for repayment of a note held by defendant Howard Quarries, Inc. The claim to relief was founded on assertions that the deed of trust was without consideration, was procured by coercion and by fraud and misrepresentation. Upon a bench trial, the issues were found in favor of defendants and this appeal followed.

The points asserted here as error can best be perceived when stated with cognizance of the facts preceding preparation and execution of the instruments in question. Those facts were, in the main, and as recited below, not the subject of any dispute.

William L. Kurtz, Jr. (hereafter Kurtz, Jr.) was in the employ of Howard Quarries, serving in the position of office manager. On June 15, 1977, a shortage of funds to the extent of $133,353.00 was discovered in the company accounts and Kurtz, Jr. was questioned. Subsequent inquiry disclosed the deficiency to be the consequence of embezzlement. Criminal charges were lodged against Kurtz, Jr. and he was arrested and jailed.

While in confinement, Kurtz, Jr. discussed with representatives of Howard Quarries arrangements for restitution and recommendations for leniency in prosecution of the criminal charges. Howard Quarries was prepared to accept deferred repayment, but substantial collateral beyond the extent of Kurtz, Jr.'s immediate assets was demanded. It was at this point that consideration turned to the subject real estate.

Kurtz, Jr.'s mother, Mildred E. Kurtz (hereafter Mildred) had inherited from her parents a farm of some 146 acres in Cooper County. The record here does not fully disclose the origin and details of title, but at the time in question, Mildred owned fee simple title to a portion of the property and a life estate in the balance with the remainder to the heirs of her body. Mildred was then 70 years of age and Kurtz, Jr. was her only child. The farm was apparently worth at least $100,000.00 and was considered by the Howard Quarries representatives to be adequate security for repayment of the embezzled funds.

After some discussion between Kurtz, Jr. and a representative of Howard Quarries, the latter proposed that Kurtz, Jr. sign a note payable to Howard Quarries due 90 days from date for the amount claimed to have been misappropriated. Additional terms required that repayment of the note be collateralized by a deed of trust conveying a security interest in the Cooper County farm. The deed of trust, of course, would be effective only if signed by Mildred and by her husband William L. Kurtz, Sr. (hereafter Kurtz, Sr.) as well as by Kurtz, Jr. With his parents' signatures yet to be obtained, Kurtz, Jr. signed the deed of trust and the promissory note, he alone being the maker of and obligated on the note.

When the instruments were signed by Kurtz, Jr., he had not spoken with his parents about his problems and had made no request that they join in providing security for payment of his debt. The representative of Howard Quarries conducting the negotiations for recovery of the misappropriated money was a lawyer who knew Mildred and Kurtz, Sr. and who had some information about their real estate holdings by reason of having prepared a will for Mildred at an earlier date. It was he who obtained the legal description of the Cooper County farm and drafted the note and deed of trust. After obtaining the signatures of Kurtz, Jr. to the instruments, the lawyer went to the home of Mildred and Kurtz, Sr. with the objective of obtaining their signatures to the deed of trust. Kurtz, Jr. neither sought nor was afforded an opportunity to discuss the transaction with his parents.

At trial, Mildred described her encounter with the lawyer, who also testified to substantially the same details of the conversation. Kurtz, Sr., who was also present and participated in the discussion with the lawyer, had died before trial. His deposition had been obtained but it was not offered and his testimony is therefore not a part of this record.

Upon the evidence of Mildred and the attorney, the trial court could reasonably have found that the following occurred in the conversation preceding the signing of the deed of trust by Mildred and Kurtz, Sr. Mildred was informed for the first time as to details of her son's difficulties, although some word of the arrest had apparently been included in a local news broadcast. The lawyer representing Howard Quarries presented the deed of trust and offered Mildred the opportunity to read it, but she did not do so indicating that "she did not feel up to it." She was informed that if the deed of trust were signed and if Kurtz, Jr. failed to pay the note evidencing the misappropriated funds within 90 days, foreclosure of the farm by sale could result. In response to questions by her, Mildred was informed that by signing the deed of trust she would aid her son in obtaining the extension of time to repay the debt, a recommendation of leniency would be made to the prosecutor and release of her son on bond would be facilitated. Apparently, participation in the discussion by Kurtz, Sr. was minimal.

At the close of the conversation, Mildred and Kurtz, Sr. signed the deed of trust, acknowledgement of the signatures was made by the lawyer's secretary who had accompanied him to the Kurtz home for this purpose and the instrument was thereafter recorded promptly.

Subsequent events are not fully disclosed by this record which does not include any reliable assessment of the total sum actually determined to have been misappropriated by Kurtz, Jr. or the balance which remained due on the note at the time of trial. It may, however, be concluded that some restitution was made but that a substantial balance remained unpaid when the note matured in 90 days. Kurtz, Jr. was prosecuted on charges arising out of the embezzlement. At the time of trial, he was in the custody of the Missouri Division of Corrections.

From the foregoing amalgam of multiple elements offering potential for diverse controversies and the judgment which resolved all issues adverse to the claims of plaintiffs-appellants, they have briefed and argued here essentially only one point. We are constrained by the rules to confine our efforts solely to the points briefed, the rules in this regard being applicable with equal force to court-tried cases as well as jury-tried matters. Rule 84.04(d); *Haase v. Richmond*, 570 S.W.2d 341, 344[3] (Mo.App. 1978). Thus limited, the only question for review on this appeal is the issue of consideration supporting the collateral repayment guarantee of the deed of trust.

The gist of appellants' argument is that no evidence was offered to prove and the trial court made no finding of an antecedent or contemporaneous agreement by Howard Quarries to forbear all civil collection efforts on account of the embezzled funds in exchange for and during the term of the promissory note. While appellants concede that Howard did in fact forbear, they cite and rely on authority holding that subsequent performance will not supply consideration absent a prior agreement to this effect. As briefed, the argument concedes validity of the note but suggests that absence of current consideration passing to Kurtz, Jr. when he signed the note is fatally defective to enforcement of liability against the guarantors, Mildred and Kurtz, Sr., under the deed of trust.

As noted above, the sufficiency of the evidence to demonstrate that consideration supported execution of the deed of trust is the only issue before this court. Appellants have not briefed and are therefore deemed to have waived other points urged upon the trial court, i. e., coercion and overreaching by Howard Quarries and its attorney in procuring the signatures of Mildred and Kurtz, Sr. to the deed of trust, false and material representations by Howard Quarries and the defense of an accommodation relationship between Mildred and Kurtz, Sr. and Howard Quarries as the accommodated party.

Appellants agree that there is no issue as to the liability of Kurtz, Jr. on the promissory note. At no time has the debt of Kurtz, Jr. to Howard Quarries by reason of the misappropriation of funds ever been

questioned. Irrespective of the presence or absence of promises by Howard Quarries to induce Kurtz, Jr. to sign the note, the antecedent debt supplied the consideration as between the maker and payee of the note. Uniform Commercial Code, § 400.3–408 RSMo 1978. The Code in this respect announces no new proposition but is basically a restatement of prior law. *F. M. Deuchler and Company v. Hampton*, 339 S.W.2d 499, 504[5] (Mo.App.1960).

■ Resolution of primary liability between Kurtz, Jr. and Howard Quarries does not, however, require the conclusion that the guarantors are also liable under the deed of trust. A contract of guaranty like any contract requires consideration. *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 27 (Mo.App.1978). The consideration need not in all guaranty transactions move only between the guarantor and the payee. It is sufficient to support the guarantee if there be benefit to the party primarily liable or detriment to the creditor. *De Lassus v. Russell*, 296 S.W. 225 (Mo.App.1927). It is immaterial that the · consideration moved from the principal obligor and not from the one to whom the offer of guaranty was made. *National Refining Co. v. McDowell*, 201 S.W.2d 342, 348 (Mo.1947).

■ Where the contract of guaranty and the original contract creating the liability guaranteed are contemporaneously made, the two contracts are regarded as integrated and the consideration supporting the original contract also supports the guarantee. *Edwards v. Heidelbaugh, supra.* If, however, the guarantee is executed subsequent to the principal contract, it is no longer part of the same transaction and a new and independent consideration is required. *Don L. Tullis & Associates, Inc. v. Gover*, 577 S.W.2d 891, 896 (Mo.App.1979). Appellants here contend that new consideration was required to support the liability of Mildred and Kurtz, Sr. on the deed of trust, that there was neither evidence of nor a finding by the court of new consideration and that the guarantors should therefore be released. As we perceive this argument, it is based on an analogy to the independent transaction rule which requires separate consideration if the guarantee is not concurrently made with the contract of primary liability. Thus, the contention assumes that no guarantee accompanied the origin of the debt—the acts of embezzlement—and that this preexisting debt may be sufficient consideration for the note, but something more is required if the agreement of guarantee is to rest on consideration. Appellants cite no case treating the issue of antecedent debts, except cases involving forbearance, and independent research has disclosed none.

■ Appellants assume as a factual basis for their argument that Howard Quarries made no agreement to forbear collection of Kurtz, Jr.'s obligation during the currency of the note. The record and the findings made by the trial court do not support this assumption. Kurtz, Jr. testified that his objective in signing the note and deed of trust was to obtain time in which to raise the funds needed to make restitution. Mildred was told that by signing the deed of trust her son would have the opportunity and would be expected to repay the money he had taken. The terms of the note itself contemplate that payment liability was postponed, at least for 90 days to the note's maturity.

Indeed, the findings made by the trial court recite that Kurtz, Jr. "requested an extension of time to make payment" and Howard Quarries "granted an extension." Appellants' argument that Howard Quarries did not agree to forbear collection procedures for 90 days is contrary to the evidence and the trial court's findings and is rejected.

■ An agreement to extend the time for payment of an existing debt or a promise to forbear collection, even for an indefinite time, is sufficient consideration for a guarantee of the debtor's obligation. *De Lassus v. Russell, supra; J. R. Watkins Medical Co. v. Holloway*, 182 Mo.App. 140, 181 S.W. 602 (1916). In the subject case, the agreement by Howard Quarries to defer Kurtz, Jr.'s obligation to make restitution

for 90 days therefore supplied "new consideration" beyond the preexisting debt and validates the agreement of Mildred and Kurtz, Sr. that the creditor be entitled to resort to the farm property as security upon default. This assessment of the fact question renders unnecessary any discussion of the ancillary question as to whether the antecedent debt alone is sufficient consideration to support a collateral payment guaranteed by a gratuitous surety.

For the reasons stated, appellants are not entitled to restraint against foreclosure of the deed of trust or to cancellation of the instrument of encumbrance and the trial court correctly so ruled.

The judgment is affirmed.

All concur.