STATE of Missouri ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION (formerly State Highway Commission of Missouri), Plaintiff-Appellant,

v.

ST. CHARLES ASSOCIATES, LTD., et al., Exceptions of Ida Kaplan, et al., Defendants-Respondents.

No. 42784.

Missouri Court of Appeals, Eastern District, Division Three.

May 19, 1981.

Richard E. Baker, Kirkwood, for plaintiff-appellant.

John T. Bruere, St. Charles, Joe Bill Carter, Clayton, for defendants-respondents.

Rodney Weiss, Clayton, for defendant-appellant.

CRIST, Presiding Judge.

Proceeding in prohibition. Facts, parties and issues presented in the petition for a writ of prohibition are virtually identical to those presented by two cases presently on appeal. Accordingly, and on our own motion, we consolidated the two pending appeals with this prohibition proceeding at the same time we issued the preliminary writ.[1]

This "case" (now in the singular) involves an attempt to apportion damages, as awarded by commissioners, among various claimants, all of whom were parties to a condemnation proceeding. Under the facts presented, and for the reasons enumerated below, we reverse and remand for an evidentiary hearing pursuant to § 523.053, RSMo. 1978.

Appellant State of Missouri, ex rel. Missouri Highway and Transportation Commission (hereinafter "condemnor") condemned land owned by appellant Ida Kaplan, who had leased it to Shell Oil Company. Respondent Honerkamp was allegedly a tenant of Shell Oil Company and respondents Todds, again allegedly, were month to month tenants. Honerkamp was not a named party in the original petition but was given leave to intervene by order of March 5, 1977. Commissioners were appointed and ultimately awarded damages in the sum of $168,500.00, to which award all parties, save Shell Oil, excepted. Respondents Todds and Kaplan also filed motions for apportionment under § 523.053, RSMo. 1978.

Thereafter, on May 27, 1977, condemnor, Kaplan, Todds and Shell Oil Company executed and filed a "stipulation" to which Honerkamp was not a party. This stipulation provided that: (1) Kaplan was to receive the $168,500.00 award, $30,000.00 of which she was to set up in an escrow account for the benefit of herself, Shell Oil and the Todds to be distributed at a later date by agreement of all parties or upon a subsequent order of court; (2) no party waived, by virtue of the stipulation, any rights to or in the final apportionment; and, (3) Condemnor was to be held harmless upon submission of the $168,500.00. Kaplan, thereupon, received the $168,500.00 from condemnor and, of that amount, escrowed $30,000.00 as per this stipulation.

On January 30, 1978, a second stipulation was executed and filed to which the attorneys of condemnor and Kaplan were the only signatories. This, the second stipulation, provided that a settlement agreement of $125,000.00 had been reached to cover "all the claims of the parties [d]efendant," said sum to represent a $43,500.00 refund from the commissioners' $168,500.00 award. The stipulation further provided that condemnor waived all rights to any interest which might have accrued on the amount refunded and, lastly, stated that a "[f]ormal stipulation for settlement and judgment will be entered after all the claims of the various defendants are ruled on by the court." Kaplan returned the $43,500.00 to condemnor on March 3, 1978.

---

1. The cases were formerly styled: *State ex rel. Missouri Highway & Transportation Commission, formerly State Highway Commission of Missouri*, Appellant *v. St. Charles Associates, Ltd., Exceptions of Ida Kaplan, et al.*, Respondents, No. 42789 and *State of Missouri at the Relation of Missouri Highway & Transportation Commission, (formerly State Highway Commission of Missouri)*, Petitioner *v. The Honorable David A. Dalton*, Judge of Division 4 of the Circuit Court of St. Charles County, Respondent, No. 43521.

On April 28, 1978, the Todds filed an unverified motion for summary judgment based on their May 20, 1977, unverified motion to apportion damages. The Todds' motion for summary judgment requested that the court adjudge Kaplan entitled to $125,000.00 as her portion of the total award, and further, to distribute the remaining $43,500.00 among the other defendants. The Todds submitted a copy of the $125,000.00 condemnor/Kaplan settlement stipulation in support of their motion for summary judgment and, in response, condemnor filed an affidavit outlining changes in the construction plan as additional consideration for the altered settlement stipulation.

The Todds' motion for summary judgment was sustained on November 30, 1979. The trial court's order reflected that Kaplan's share of the total award was $125,000.00, and the percentage portion of the balance ($43,500.00) to which each of the remaining defendants were entitled, would be determined at a later hearing to be held expressly for such purpose. Condemnor's motion to intervene in any subsequent apportionment proceedings was sustained that same day.

Our court dismissed as premature condemnor's appeal of the summary judgment order. See, *State ex rel. State Highway Commission of Missouri v. St. Charles Associates, Ltd., et al,* No. 43368 (Mo.App.— E.D., filed February 15, 1980).

The apportionment hearing was held March 11, 1980, and although no evidence was adduced, all parties appeared by their respective attorneys save Shell Oil Company, which did not appear at all. The Todds and Honerkamp presented the court with a stipulation which proposed that the remaining $43,500.00 (the amount Kaplan refunded to condemnor) be split between them: 55 percent to Honerkamp and 45 percent to Todds. The trial court indicated it was disposed to approve such an apportionment whereupon condemnor and Kaplan voiced vehement objections thereby preserving the record. The trial court eventually approved the proposed arrangement by order of March 21, 1980.

Subsequent to the appeals which stemmed from the order of March 21, 1980, the Todds filed a motion to compel condemnor to pay the sum of $43,500.00 into the court registry. Said motion was sustained on May 28, 1980, and both condemnor and Kaplan appealed. This court ordered the appeals consolidated as of July 25, 1980.

On September 22, 1980, the Todds moved for sanctions in an effort to strike condemnor's pleadings below or to have condemnor cited as in contempt of the May 28, 1980 order. The trial court gave condemnor ten days, beginning October 6, 1980, to apply for a writ before it would grant the Todds' motion.

Condemnor filed its petition for a writ of prohibition before this court on October 15, 1980, which addressed itself to the trial court's order of October 6, 1980. Our preliminary writ was issued and a return filed. The various appeals of condemnor and Kaplan were consolidated with the writ proceedings for the sake of judicial economy. Kaplan adopted the brief of condemnor and filed no separate brief.

We believe that, in light of the following, the correct posture for us to assume is to reverse and remand the appeals of Kaplan and condemnor, as well as make our preliminary writ absolute.

The record fails to support the issuance of summary judgment because it reflects the existence of unresolved, material questions of fact which bear directly upon the parties' entitlement to the monies at issue. Rule 74.04(c), (h); *Pine Lawn Bank and Trust Co. v. Schnebelen,* 579 S.W.2d 640, 642–643 (Mo.App.1978); *Edwards v. Heidelbaugh,* 574 S.W.2d 25, 27 (Mo.App.1978). The Todds' unverified motion for summary judgment on their May 20, 1977 motion to apportion damages was based solely upon the $125,000.00 Kaplan/condemnor settlement stipulation, the precise terms of which are not altogether discernable from within the instrument's "four corners," and which terms may never be fairly ascertained without the benefit of an evidentiary hearing.

The need for a hearing, and the inappropriate character of summary judgment in

this instance, is apparent when one considers that the settlement stipulation (upon which the Todds' motion relies) recognized *on its face* that the claims of "the various defendants" (i. e. Honerkamp and the Todds), were yet to be determined.

In this connection, it is important to note § 523.053(2), RSMo. 1978 which provides that, "the court . . . shall determine the percentage award to which each party *having an interest therein is entitled.*" (Emphasis added.) As yet, the record admits of nothing which distinguishes Honerkamp or the Todds as having a compensable interest in the property condemned, much less their percentage share thereof. Remand is fitting because it would allow the trial court to conduct an evidentiary hearing thereby correcting this deficiency.

Inasmuch as there were material factual issues left unresolved and, inasmuch as the trial court failed to conduct an evidentiary hearing to determine each parties' compensable interest (if any) in the property, together with their commensurate percentage portions of the award, our preliminary writ of prohibition is hereby made absolute and the appeals reversed and remanded for a hearing as provided in § 523.053(2), RSMo. 1978.

REINHARD and SNYDER, JJ., concur.