Julie **PORTMANN** and Sheila Hughey, Plaintiffs-Appellants,

v.

James B. **STANLEY**, Dorothy Stanley and Robert Hoelscher, Defendants-Respondents.

No. 47125.

Missouri Court of Appeals, Eastern District, Division Three.

July 31, 1984.

James W. Whitney, Jr., St. Louis, for plaintiffs-appellants.

Robert L. Nussbaumer, St. Louis, for defendants-respondents.

CLEMENS, Senior Judge.

Plaintiffs Portmann and Hughey were injured in a collision with a pickup truck owned by defendants Stanley and being driven by their step-son Robert Hoelscher.

Plaintiffs sued son Robert alleging his negligence (Counts I and II) and also sued parents Stanley alleging their negligent entrustment of their truck to son Robert (Counts III and IV).

The trial court (in a separate, appealable order) sustained the Stanleys' motion for summary judgment on the ground that the pleadings, depositions, answers to interrogatories and affidavits removed any genuine issue of fact from the case and that the Stanleys were entitled to judgment as a matter of law. The court found, with our emphasis:

> From the undisputed facts shown, this Court concludes as a matter of law that the past conduct of Robert Hoelscher is not such that a reasonable person would foresee the probability of serious injury to other persons on the road if he entrusted his motor vehicle to Hoelscher to drive. Such being true, it was *not negligence* to let Hoelscher have the pickup truck, even if such 'entrustment' was so found by the jury and even if the jury found that Stanleys knew all there was

to know about his driving and accident record. *That record does not rise to the level of such 'habitual reckless conduct' that a reasonable person would foresee plaintiffs' injuries as a result of letting him use the vehicle.* Stanleys would be entitled to a directed verdict at the end of Plaintiffs' case and, at this stage of the proceedings, they are entitled to a summary judgment.

Here, plaintiffs contend the record showed Robert was a reckless driver sufficient to show negligent entrustment by his parents. Defendants Stanley counter that plaintiffs failed to show Robert's past driving negligence was so constant his parents should have anticipated the likelihood of injury to others.

The evidence on son Robert's driving before the January 31, 1981 collision now in issue: Sometime in 1978 he rolled his car into a ditch; in December, 1978 he ran into a parked car and pled guilty to leaving the scene; sometime soon after that he ran into a fire hydrant. Each of these occurred more than two years before the collision now in issue.

As noted, the trial court found this past conduct was not such that over two years later defendant parents would reasonably have foreseen the collision now in issue.

The leading case on the issue before us is *Lix v. Gastian*, 261 S.W.2d 497 [1–5] (Mo. App.1953) holding:

> The general rule is that an owner of an automobile is under a duty not to place the automobile in the hands of a person whom he knows, or in the exercise of reasonable diligence could have known, to be an incompetent, careless, reckless, or inexperienced driver .... But, before liability can be imposed in such a case it must be shown that the reckless conduct of the borrower was so constantly committed as to constitute a habit of negligence.

Citing *Lix* in *Bell v. Green*, 423 S.W.2d 724 [10–11] (Mo. banc 1968) the court said the owner's liability depended on the driver's "habitual recklessness".

We uphold the trial court's conclusion the evidence of the driver's prior negligence was not chargeable to his parents more than two years later. We find no error in the award of a summary judgment on Counts III and IV of plaintiffs' petition.

The cause is remanded for disposition of Counts I and II of plaintiffs' petition.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.

REINHARD, Judge, dissenting.

I respectfully dissent.

It is, of course, well settled law that in ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the parties against whom the motion was filed and the judgment was rendered, and to accord to such parties the benefit of every doubt. *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 26–27 (Mo.App. 1978). Summary judgment may only be rendered where it is made manifest by the pleadings, depositions and admissions on file, together with any affidavits, that there is no genuine issue of material fact. Rule 74.04(c). The burden rests upon the movant to show by unassailable proof that there is no genuine issue of fact. Rule 74.04(h).

In reciting defendant's driving record, the majority opinion fails to mention defendant's conviction in February, 1978 for driving while intoxicated. The majority also states that "each of these occurred more than two years before the collision now in issue." However, the record only establishes that defendant's crash into the fire hydrant occurred sometime between December, 1978 and January, 1981. For all the summary judgment record establishes, that accident could have occurred shortly before the 1981 accident. In addition, in all of these incidents except the December, 1978 accident, defendant had been drinking. This takes on added significance because on the evening of the accident in issue, defendant consummed fifteen glasses and five bottles of beer.

Although I am not enamored of the negligent entrustment concept, it is well entrenched in Missouri law. In my opinion summary judgment is inappropriate under these circumstances. I would reverse and remand as to all counts.