**Robert METCALF, Appellant,**

v.

**FARMERS INSURANCE GROUP, et al., Respondents.**

**No. 49491.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 3, 1985.

Harold E. Horsley, Valley Park, for appellant.

Richard Louis Prebil, St. Louis, for respondents.

REINHARD, Judge.

Plaintiff appeals from a summary judgment granted defendants in an action for money allegedly due under an agency agreement. We affirm.

Plaintiff filed a petition stating that in 1974 he entered into a contract authorizing him to sell insurance for defendants (also referred to herein as "the Companies.") A copy of this contract was attached to the petition. Plaintiff alleged he carried out his duties until defendants terminated the contract on October 31, 1981. Plaintiff further alleged the contract provided that "In the event of termination of this agreement, the companies will normally pay 'Contract Value' to the agent or his heirs...." The method of determining Contract Value was stated in the contract. The petition concluded with a prayer for an order requiring defendants to return to plaintiff the records of his agency, an order of accounting to determine the Contract Value of his agency, and judgment against defendants

in the amount determined by the accounting.

Defendants responded to plaintiff's petition with a motion for summary judgment. In this motion defendants acknowledged the contract provision requiring the Companies to normally pay Contract Value upon termination of the contract, but defendants alleged the contract also provided that "In the event termination is because of embezzlement, there is no Contract Value." Defendants claimed that plaintiff embezzled from the Companies on numerous occasions, was indicted and pled guilty to the charge of "Stealing by Deceit" for these acts, and the Companies terminated the contract because of plaintiff's embezzlement. Defendants thus contended that as a matter of law plaintiff was not entitled to Contract Value.

Attached to defendants' motion for summary judgment were several documents in support of the motion. Among them were copies of court records of plaintiff's conviction. The indictment charged plaintiff with stealing by deceit in violation of § 570.030, RSMo., and alleged that between December 18, 1979, and August 27, 1981, plaintiff appropriated at least $150 from the Companies with the purpose to deprive them thereof by fraudulently obtaining and passing twenty checks belonging to and payable by the Companies, without their permission or knowledge. The records also showed that on July 28, 1982, plaintiff pled guilty to the offense charged, received a suspended imposition of sentence and was placed on probation for five years, but on January 24, 1984, the court revoked probation and sentenced him to six years imprisonment, to run concurrently with a six year sentence imposed in another case. Also attached to the motion was the affidavit of Dale Hawk, in which Hawk stated he was defendants' regional sales manager, he had personal knowledge of the facts set forth, and plaintiff embezzled from the Companies and was terminated because of such embezzlement. The notice of termination Hawk sent plaintiff was attached to defendants' motion and Hawk affirmed its authenticity in his affidavit. The notice did not state the reason for termination.

Plaintiff filed a response to defendants' motion for summary judgment. Plaintiff admitted the contract gave no Contract Value if his termination was because of embezzlement, but he alleged he never pled guilty to nor admitted embezzling. In an affidavit attached to his response plaintiff stated he did not embezzle the Companies' funds between December of 1978 and August of 1981. Plaintiff did admit, however, that he pled guilty to stealing by deceit *"for the acts as recited in Defendant's Motion"* (emphasis added).

■ In reviewing summary judgment, this court views the record in the light most favorable to the party against whom summary judgment was granted and resolves all doubts in that party's favor. *Edwards v. Heidelbaugh,* 574 S.W.2d 25, 27 (Mo.App.1978). Summary judgment is proper only when the pleadings, depositions, and admissions in the file, together with any affidavits, show that there is no genuine issue of material fact. Rule 74.-04(c). An issue of fact exists whenever there is the slightest doubt about the facts. *Edwards,* 574 S.W.2d at 27.

■ Counsel for plaintiff admitted in oral argument that the sole issue on appeal is the interpretation of the term "embezzlement" as used in the agency agreement. In short, plaintiff admits he committed the acts charged, and if these constitute "embezzlement" then the court's ruling was correct. Plaintiff contends, however, that former Missouri statutes distinguished between the offenses of embezzlement and larceny, and plaintiff's acts constituted larceny under these statutes and not embezzlement.

The embezzlement statute, § 560.250, RSMo 1949, was repealed in 1955 and replaced with general stealing statutes, §§ 560.156 and 560.161, RSMo Supp.1957. The purpose of this change was to eliminate the confusing and technical distinctions between the crimes of embezzlement, larceny, and obtaining money under false

pretenses. *State v. Zammar*, 305 S.W.2d 441, 445 (Mo.1957). These statutes were later replaced and updated in 1979 by the present stealing statute, § 570.030 RSMo Supp.1984, which also ignores any distinction between conduct that was categorized as embezzlement or larceny before 1955.

Plaintiff's reliance on a criminal statute for interpretation of the terms used in this contract is misplaced. The courts have held that the terms of a contract must be given their usual and ordinary meaning. *L & K Realty Co. v. R.W. Farmer Construction Co.*, 633 S.W.2d 274, 280 (Mo.App. 1982). It is clear to us that the word "embezzlement" in the contract is a generic term, not a term of art with a specific, technical meaning. The usual and ordinary meaning of "embezzlement" refers to a situation where an employee misappropriates his employer's money or property during the course of employment. Plaintiff's attempt to label his criminal acts "larceny" rather than "embezzlement" is merely an exercise in semantics, as both words can be used as:

> generic terms to indicate the dishonest and fraudulent breach of any duty or obligation upon the part of an employee to pay over to his employer, or account to him for any money, securities, or other personal property, title to which is in the employer, but which may come into the possession of the employee. Black's Law Dictionary 614 (4th ed. 1957).

Our conclusion is further supported by the context in which the word is used, for the contract does not refer to the *crime* of embezzlement, but only to "embezzlement," alone.

It is undisputed that plaintiff fraudulently misappropriated checks belonging to defendant. These admitted facts fall within the purview of the term "embezzlement" as used in the contract. Having been terminated for embezzlement plaintiff is not entitled to the relief requested in his petition as a matter of law. Summary judgment was properly granted.

Judgment affirmed.

CRIST, P.J., and KAROHL, J., concur.