**300**

Jessie **KLINGENSMITH**, Plaintiff-Respondent,

v.

O. **THURMAN**, Defendant-Appellant.

No. 30512.

St. Louis Court of Appeals.
Missouri.

Sept. 20, 1960.

Frank W. May, Flat River, for appellant.

Robert A. McIlrath, Flat River, for respondent.

BRADY, Commissioner.

This action was brought on an account assigned by the Hovis Lumber Company, Inc., to the respondent. The cause was submitted to the trial court on an agreed statement of facts which showed that the appellant had an account due and owing to the lumber company for $64.63; the assignment recited that it was made for $1 and other valuable consideration; that the magistrate court rendered judgment for the respondent; that appellant does not deny the purchase of the lumber or that the account had not been paid, but claims that the respondent did not pay the lumber company "* * * over Fifty Per cent (50%) for said account and wants to make an offer of proof that the Plaintiff only paid Fifty Percent (50%) or Thirty-Two Dollars Thirty Cents ($32.30) for said account," while respondent contends this is a matter between assignor and assignee, and that the evidence is irrelevant and immaterial to the issues of the action on the account; and that the appellant contends that to bring an action on this assignment, the respondent must be a licensed attorney, while appellant contends that he has a right to bring suit in his own name and represent himself. The circuit court refused appellant's offer of proof, finding that "* * * any evidence as to the amount paid by the Plaintiff for said account is irrelevant, incompetent, and immaterial * * *", that the respondent could bring suit in his own name and act as his own attorney, and rendered judgment for respondent in the amount of $64.63, the total amount of the account. Proper after trial motion was overruled and this appeal perfected. The case was submitted to us in June of this year upon briefs. Respondent is represented by counsel for this appeal.

■ We agree with appellant that the respondent cannot represent another in

bringing this action, whether he does so for consideration or not, Liberty Mutual Insurance Co. v. Jones, 344 Mo. 932, 130 S.W.2d 945, loc. cit. page 955, 125 A.L.R. 1149, but we do not understand appellant's offer of proof to go to such a matter. By that offer, appellant stated that respondent only paid $32.30, or 50%, for the account, but nowhere in this record does any allegation appear that the lumber company who assigned this account has retained any interest therein. The assignment is complete and unqualified by any reservation of interest by the assignor. It reads:

"Assignment

"Know All Men By These Presents that the undersigned, for and in consideration of the sum of $1.$\frac{00}{xx}$ and other valuable consideration paid by Jesse E. Lkingensmith (sic) of Flat River, Missouri, the receipt whereof is hereby acknowledged, do hereby sell assign and transfer to the said Jesse Klingensmith my/our account receivable against O. Thurman in the sum of $64.63 together with all right, title and interest thereon and the demand represented thereby and all rights of action accrued or to accrue thereon and hereby grant to the said Jesse E. Klingensmith the right to sue and collect the same to his own use.

"To Have And To Hold unto the said Jesse E. Klingensmith, his successors and assigns forever.

"Dated At Flat River, Mo.
  4/21/59
          /s/ Elmer T. Hovis Lumber Co.
          By: Elmer T. Hovis
          Official Title: Pres."

[Note "Jesse E. Klingensmith" is used repeatedly in the assignment, while plaintiff-respondent is listed as "Jessie Klingensmith."]

■ It follows that, assuming for the moment and for the purposes of argument only, that the proof offered is true, all that is thereby shown is that respondent paid $32.30 for an account upon which he has now collected $64.63. He has made $32.33 profit thereby. Even if we accept the appellant's offer of proof, there is no indication that the assignor retained any interest in the account or that the respondent owes all or any part of the judgment to the assignor, or is in any way responsible to the assignor for that amount or any part of it.

■ Section 484.010 RSMo 1949, V.A. M.S., does not prohibit persons from representing themselves in a lawsuit. Such is not the practice of law. The judgment should be affirmed, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.