Ruth H. SIMS, individually, and Ruth H. Sims, Dorothy Jean Glogston, and James E. Sims, Trustees Under the Last Will and Testament of Clyde H. Sims, Deceased, Plaintiffs-Respondents,

v.

John W. WESCOTT and Vera R. Wescott, Defendants,

and

Paul O. Peper and Wanda F. Peper, Defendants-Appellants.

No. 47266.

Missouri Court of Appeals, Eastern District, Division Three.

April 10, 1984.

Peter J. Grewach, Wescott and Peper, Troy, for defendants-appellants.

Charles Harry Billings, St. Louis, for plaintiffs-respondents.

CRANDALL, Judge.

Approximately ten years before they brought this action, respondents (plaintiffs) conveyed by deed a one-acre parcel of land to defendants John and Vera Wescott (defendants) and reserved a pre-emptive right to repurchase the land for $800 upon being notified by defendants of their desire to sell it. At trial, plaintiffs sought specific performance of that pre-emptive right and also sought to cancel a lease executed by defendants and appellants Paul and Wanda Peper (co-defendants), as lessors and lessees respectively, under which the co-defendants purported to lease the one-acre parcel for a term of ninety-nine years for a total advance rental of $8,000.

The co-defendants filed an answer praying only for dismissal of plaintiffs' petition and a crossclaim against the defendants Wescott, praying "[i]n the alternative, [that] should the court grant the relief the plaintiffs pray for, Defendants Peper pray the court to grant the Pepers relief under their Crossclaim against Defendants Wescotts [sic] for the purchase price [sic] paid the Wescotts, the insurance and taxes paid by the Pepers, repair of the plumbing, and attorney's fees in defending said lease."

The trial court granted to plaintiffs the relief they prayed for and further ordered that the co-defendants "recover on their crossclaim against defendants John and Vera Wescott the sum of $7,885.00 ...."[1] It was the trial court's further order and judgment that "[t]he request of defendants Paul and Wanda Peper to recover insurance, taxes, repairs and attorneys fees is denied." The Pepers, the co-defendants and cross-claimants, are the only parties who have appealed.

■ The Pepers argue on appeal that plaintiffs' pre-emptive right to repurchase is invalid as an "unlawful restraint on alienation" and that "the consideration is shockingly inadequate and enforcement of the pre-emptive clause would impose an unreasonable, unconscionable, inequitable, unfair, and disproportionate hardship." It is the parties liable under the right-of-repurchase agreement, i.e., the defendants Wescott and not the co-defendants, that have cause to assign error to its enforcement. Thus, the co-defendants' points concerning the validity of that agreement are within the long-established rule that "[a]n appealing defendant cannot complain of error committed against a non-appealing co-defendant unless the error is prejudicial to the rights of the appealing defendant." *Amos v. Altenthal*, 645 S.W.2d 220, 228 (Mo.App.1983); *Steele v. Yacovelli*, 419 S.W.2d 477, 479 (Mo.App.1967).

■ The record does not show that co-defendants are prejudiced or aggrieved by the judgment in this action. They are not aggrieved by their judgment against the Wescotts, because recovery of the money paid to the Wescotts was part of the relief the co-defendants alternatively requested

---

1. The trial court concluded that "defendants Peper should have and recover from defendants Wescott the sum paid as advance rental, less appropriate credit for the period of time defendants Peper were in possession." Thus, the co-defendants' net recovery was slightly less than the $8,000 they paid in advance.

and they recovered all they are entitled to. *See Lodjic v. Ketterlin,* 562 S.W.2d 378, 384 (Mo.App.1978). Though the trial court denied the co-defendants' prayer which sought amounts for insurance, taxes, repairs and attorney's fees, that denial is not assigned as error on appeal and is therefore not subject to review. *Id.*

The judgment of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.