**NORTH PORT DEVELOPMENT COMPANY, et al., Appellants,**

v.

**George GRAFF, et al., Respondents.**

Nos. 54236, 54360.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 20, 1988.

Rehearing Denied Feb. 1, 1989.

North Port Development Co., et al., St. Louis, pro se.

Paul E. Kovacs, David Gerard Ott, Clayton, for respondents.

DOWD, Presiding Judge.

This consolidated appeal follows the summary judgments in two related cases. It centers around a deed of trust and three promissory notes issued pursuant to North Port Development Company's purchase of land from George and Fred Graff. The facts of the case are set out in *Graff v. North Port Development Co.*, 734 S.W.2d 221 (Mo.App.1987). We affirm.

In December 1982, the Graffs held a foreclosure sale pursuant to the deed of trust for failure to pay on two of the notes, the $1,000,000 note and the $75,000 note. The Graffs were the successful purchasers

at the sale. On April 20, 1982, they filed an action in St. Louis County to collect on the third note (the $125,000 note). Lawrence Goldstein, sole shareholder of North Port, and his wife Jill Goldstein counterclaimed with three claims: (I) an action for equitable accounting; (II) an action seeking damages for tortious interference with an option contract on the land; (III) specific performance of alleged agreements to defer payments on the $1,000,000 and $75,000 notes. The last two points of the counter suit were summarily dismissed prior to trial. The Goldsteins attempted to appeal, but the action was ruled premature. *Graff v. North Port Development Co.*, 691 S.W. 2d 477 (Mo.App.1985) (*Graff I*). On the day of trial, the Graffs made a motion for summary judgment on their action under the $125,000 note and the motion was granted. Count I of the Goldsteins' counterclaim went before the jury which found in favor of the Goldsteins. The Goldsteins then filed a second appeal with this court. We affirmed the jury verdict and the summary judgments on the counterclaims, but reversed the summary judgment on the $125,000 note. *Graff v. North Port Development Co.*, 734 S.W.2d 221 (Mo.App.1987) (*Graff II*). Upon remand, the judge granted a second motion for summary judgment on that issue.

On January 21, 1986, while *Graff II* was still pending, the Goldsteins and North Port filed an action against the Graffs and Clifford Goetz in St. Louis City.[1] This action re-alleged the two counterclaims that had been dismissed and added three other counts labeled tortious interference. Four of the claims were summarily dismissed and appellant withdrew the fifth.

Mr. Goldstein has filed two consolidated appeals alleging error in both the City and County actions.[2] Although the notices identify both Goldsteins and North Port as appellants, Mr. Goldstein is acting pro se in this matter. Because he is not an attorney, he can only represent himself and we will hereafter consider him the only appellant. *Klingensmith v. Thurman*, 339 S.W.2d 300, 300–301 (Mo.App.1960).[3] We also note that even though Mr. Goldstein, a layman, personally wrote his brief and made his oral argument he is subject to the same rules of procedure as a licensed attorney and we may not hold him to a lower standard of performance. *Johnson v. St. Mary's Health Center*, 738 S.W.2d 534, 535 (Mo.App.1987). Appellant's brief contains eight points relied on, but we will only address five of them. Points I, IV and VIII blatantly violate Rule 84.04 by either failing to cite relevant authority or failing to provide a legal argument in support. *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978). While we prefer to decide cases on the merits, this court is not required to develop legal arguments for the appellant.

■ Appellant's second point concerns the dismissal of Count I of his City petition. The trial judge dismissed this point because it had been withdrawn twice before and the second withdrawal was with prejudice under Rule 67.01. A dismissal with prejudice

---

1. Clifford Goetz held the deed of trust prior to foreclosure and acted as trustee for the Graffs.

2. George Graff died after this appeal was filed and his personal representative has been substituted as a party. A suggestion of death for Fred Graff was filed, in the city action only, in December of 1986 but was not served upon the estate's personal representative as required under *Metropolitan St. Louis Sewer Dist. v. Holloran*, 751 S.W.2d 749 (Mo. banc 1988). Consequently, the period of limitations has not begun to run under Rule 52.13. Under section 507.-100.1(3), RSMo 1986, however, substitution must be made within nine months after first publication of notice of letters testamentary or the action must be dismissed as to the deceased party. The record does not reveal when or if such notice was published so we cannot determine if Fred Graff is still properly identified as a party in the city or county actions.

3. Even though Mr. Goldstein is the sole shareholder of North Port, he may not sue in his individual capacity for damages to the corporation but only for actions he was involved in as an individual. *Jones v. Rennie*, 690 S.W.2d 164, 166 (Mo.App.1985). Some of the points in this appeal concern notes which Goldstein signed as an individual. Others concern damage to the corporation for which he may not sue in his individual capacity. However, because North Port was properly represented below, and because we are affirming the trial courts' decisions, we will address all of appellant's points.

has the effect of an adjudication on the merits and bans further suit by plaintiff. *Ritter v. Aetna Cas. & Sur. Co.,* 686 S.W. 2d 563, 564 (Mo.App.1985). Appellant argues that although he withdrew twice, North Port only withdrew once. Respondent points us to a voluntary dismissal of Count II of appellant's counterclaim in the County case and a voluntary dismissal of his entire original petition in the City prior to filing the action .that is the subject of this appeal. Both dismissals concern counts that were identical to Count I and both were signed by Mr. Goldstein. This record reveals no error in the trial court's ruling as it concerns Mr. Goldstein. Because North Port is not a party to this appeal, we need not address any error concerning dismissal of the count as to it. *Sims v. Wescott,* 669 S.W.2d 56, 57 (Mo. App.1984).

Appellant next claims that the City trial judge erred in granting summary judgment on Count II of his petition. That count asked for specific performance of two contracts agreeing to defer acceleration of the $75,000 and $1,000,000 notes. The Goldsteins reasoned that, under these agreements, the Graffs were not entitled to foreclose and thus the foreclosure sale should be set aside. The Graffs, however, claimed they have never signed any such agreement. The Goldsteins introduced an affidavit showing that the Graffs' attorney had negoitated these agreements and promised that his clients would sign them, but the Goldsteins were unable to produce a signed copy of the agreement or proof that the Graffs had *in fact* signed it.

■ We need not examine the trial court's reasoning on this issue because our holding in *Graff II* prevents appellant from pursuing this count. Under the doctrine of res judicata, parties may not re-litigate the same issues because judgments in an earlier action are conclusive in a later action. *Ste. Genevieve County v. Fox,* 688 S.W.2d 392, 395 (Mo.App.1985). Res judicata applies to appellate decisions. *State ex rel. Metropolitan Life Ins. Co. v. Hughes,* 347 Mo. 549, 148 S.W.2d 576 (Mo. banc 1941). In *Graff II,* we addressed the same issue in

the guise of appellant's counterclaim and held that, even if the agreements had been signed, appellant was not entitled to specific performance. Because appellant and North Port failed to make the required payments, "the deed of trust was subject to foreclosure under the terms of the alleged deferral agreements." *Graff II,* 734 S.W.2d at 230. Because that judgment is binding in this case, there was no issue of material fact that could have resulted in a favorable judgment under Count II and summary judgment was proper. Rule 74.-04(c).

Appellant next transfers his attentions to the County case. He argues that the trial court erred by denying him leave to file an amended pleading. Rule 55.33 provides that a court should freely grant permission to amend pleadings, but a trial judge has great discretion in determining this issue and we will not reverse his decision absent an obvious and palpable abuse of discretion. *Fischer v. McIlroy,* 739 S.W.2d 577, 580 (Mo.App.1987). The function of this rule is "to enable a party to present matters that were overlooked or unknown at the time that the original pleading was filed." *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App.1984).

■ The burden of proof in an action alleging abuse of discretion is on the complaining party, *Vonder Haar Concrete Co., v. Edwards-Parker,* 561 S.W.2d 134, 138 (Mo.App.1978), and appellant has failed to meet this burden. All we can determine from the record is that on the date the case was set for trial, appellant's attorney withdrew and a new attorney entered his appearance. This second attorney requested leave to amend the pleadings "should he feel that amendment is warranted." The record on appeal presents no proposed amended pleadings. In his brief, appellant discusses the proposed use of a U.C.C. defense, § 400.9–505(2), RSMo 1986, but offers no proof that this defense was ever brought to the trial court's attention in connection with the request for leave to amend. In addition, it is clear that appellant had been aware of this defense for at least two years. One of his points in *Graff II* concerned this U.C.C. defense and that

notice of appeal was filed on November 7, 1985. The Request for Leave to Amend was not made until September 22 of 1987. Under these facts, we fail to find any abuse of discretion.

■ Appellant again attacks the County action in two points claiming that summary judgment was improper because (1) "appellants offered proof that the price paid at foreclosure was inadequate;" and (2) "evidence now indicates that the deficiency [on the sale price] was created by the actions of a civil conspiracy." The motion for summary judgment claimed that appellant failed to pay on the $125,000 note and thus respondents were entitled to judgment. Appellant opposed this motion by claiming that he was not in default due to a later agreement to defer payment. The record before us does not indicate that appellant ever presented the issue of inadequate sale price to the trial judge. On appeal, we will not find error based on issues that were not presented to the trial judge. *Rietsch v. T.W.H. Co., Inc.*, 702 S.W.2d 108, 112 (Mo. App.1985). These two points are denied and we affirm the decisions of the trial courts.

PUDLOWSKI, C.J., and SIMON, J., concur.