**Jacqueline HUMMEL,**
**Plaintiff–Appellant,**

v.

**METROPOLITAN ST. LOUIS SEWER**
**DISTRICT, Defendant–Respondent.**

**No. 56557.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 9, 1990.

**452**

John J. Hummel, St. Louis, for plaintiff-appellant.

John J. Horgan, Kimberly A. Maschmeyer, St. Louis, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals from the trial court's orders striking her amendment by interlineation and granting the motion for summary judgment filed by defendant, Metropolitan St. Louis Sewer District (MSD). We affirm.

Plaintiff filed a petition alleging she was injured when she fell into a hole in the ground caused by MSD's defectively maintained underground sewer lines.[1] Specifically, she alleged,

2. That Defendant ... was the owner of certain sewer pipes and equipment which were buried beneath the surface of the real estate owned by Francis Rogers and Audrey Rogers (Hereinafter "Rogers")....

3. That on or about August 26, 1986, Plaintiff Jacqueline Hummel was an invitee of Rogers and had parked her vehicle in the street in front of the aforementioned address and was in the process of walking across the lawn of the real estate located at the aforementioned address when she was caused to be severely and permanently injured as a direct and proximate result of the negligence and fault of Defendant MSD as more specifically set out below:

a. That Defendant MSD permitted its underground sewer lines and equipment to be in a deteriorated and improperly maintained condition which permitted the soil and ground surrounding the sewer lines and equipment to subside and wash away, thereby creating a hole in the lawn at the aforementioned address;

b. That Defendant MSD had actual or constructive knowledge and knew or should have known that the hole caused by the deteriorated and improperly maintained underground sewer lines and equipment created an unsafe condition for pedestrians, and Defendant MSD had sufficient time in which to remedy the unsafe condition, but failed to do so;

c. That Defendant MSD failed to repair the unsafe condition and failed to warn or guard against the reasonably forseeable risk of a pedestrian falling in the hole that was created by the condition mentioned above.

MSD moved for summary judgment on the ground that it had no actual or constructive notice of the condition complained of and that no act or omission of defendant's employees caused the condition.

---

1. In her petition, plaintiff included two counts wherein she alleged negligence on the part of the landowners, Francis and Audrey Rogers. After MSD's motion for summary judgment was granted, plaintiff voluntarily dismissed the counts against the Rogers.

The motion was supported by the affidavit of MSD's director of maintenance.

Plaintiff filed no counter-affidavit. Instead, plaintiff filed an "amendment by interlineation" to her petition wherein she sought to add the following allegation:

Count I, paragraph 3(d) That Defendant MSD failed to have or maintain a policy or procedure of inspecting its sewer lines at reasonable intervals to determine if its sewer lines were in a deteriorated condition or causing holes to develop in the ground surrounding the sewer lines, which would then have enabled Defendant MSD to locate and repair such defects and thereby prevent injuries of the type sustained by Plaintiff Jacqueline Hummel herein.

MSD moved to strike the amendment on the ground of sovereign immunity. The trial court granted MSD's motion to strike and subsequently granted its motion for summary judgment.

In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion was filed, and accord that party the benefit of every doubt. Summary judgment is only appropriate when the pleadings, depositions and admissions on file, along with any affidavits, make it manifest that there is no genuine issue of material fact. Rule 74.04(c); *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 27 (Mo.App. 1978).

■ In her petition, plaintiff attempts to state a cause of action based on the exception to sovereign immunity for dangerous conditions on a public entity's property, as provided in § 537.600.1(2), RSMo 1986. To succeed on such a cause of action, a plaintiff must allege and prove the following four elements: (1) that the property of a public entity was in a dangerous condition; (2) that the plaintiff's injuries directly resulted from the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind the plaintiff incurred; and (4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition. *Kanagawa v. State of Missouri, By and Through Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985).

■ MSD's motion for summary judgment and accompanying affidavit controverted the fourth element required by § 537.600.1(2), i.e., that it had notice of or that its employees created the condition. From the record, it appears that plaintiff filed no counter-affidavit. Hence the facts in MSD's affidavit are deemed admitted, Rule 74.04(e), *Mercantile Trust Co. v. Mosby*, 623 S.W.2d 22, 24 (Mo.App.1981), and there exists no genuine issue of material fact as to the fourth element of plaintiff's cause of action. Summary judgment was therefore proper.

■ Through her amendment, plaintiff sought to add an allegation relating to defendant's failure to maintain a policy or procedure for inspecting its sewer lines. The "dangerous condition" exception to sovereign immunity refers only to physical defects in a public entity's property, *Kanagawa*, 685 S.W.2d at 835, and a cause of action based on the exception cannot be premised solely on the negligent acts or omissions of public employees. *Twente v. Ellis Fischel State Cancer Hospital*, 665 S.W.2d 2, 11 (Mo.App.1983). Plaintiff's amendment, standing alone, is immaterial to her cause of action; thus a motion to strike was appropriate. Rule 55.27(e). To the extent that plaintiff in filing the amendment sought to add an additional theory of negligence to support the fourth element of the cause of action, that attempt was precluded by MSD's uncontroverted affidavit removing the element from the case. When faced with a proper motion for summary judgment, supported by an affidavit, the party opposing the motion cannot sit idly by, relying on the allegations in his pleadings. Rather, he must come forward with specific facts demonstrating the existence of a material issue of fact. Rule

74.04(e); *Edwards,* 574 S.W.2d at 28.[2]
Judgment affirmed.

GARY M. GAERTNER, P.J. and CRIST, J., concur.

**2.** We express no opinion as to whether plaintiff's allegations, if true, are sufficient to state a cause of action under the dangerous condition exception to sovereign immunity.