**Dr. John MATTES and Marcia Longan Mattes, Appellants,**

v.

**BLACK & VEATCH, Respondent.**

**No. WD 43405.**

Missouri Court of Appeals, Western District.

Feb. 18, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1992.

Application to Transfer Denied June 2, 1992.

904

William H. Pickett, David T. Greis, Kansas City, for appellants.

Martin M. Loring, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, for respondent.

Before BERREY, P.J., and LOWENSTEIN and ULRICH, JJ.

ULRICH, Judge.

Dr. John Mattes and wife, Marcia, appeal from the trial court's summary judgment in favor of Black & Veatch.[1] Appellants contend the trial court erred because genuine issues of material fact exist and because respondent's affidavits were insufficient to support summary judgment. The summary judgment is affirmed.

Mrs. Mattes alleges she was injured while working for Mobay Chemical Corporation ("Mobay") at its Jackson County disposal treatment facility. Mrs. Mattes sued Black & Veatch and other defendants for personal injuries she sustained at Mobay's facility, and Dr. Mattes sued the same defendants for loss of consortium. The Matteses averred that an inadequate ventilation system at the Mobay disposal treatment plant facilitated Mrs. Mattes' exposure to chemicals and noxious odors which caused her injuries.

Mobay's waste disposal treatment facility was originally a one-story structure, built during the early 1970's. The facility's ventilation system removed harmful odors from the area in which Mrs. Mattes worked. In 1979 and 1980, a second floor was added to Mobay's facility. Mobay contracted with Black & Veatch to perform engineering designs for the new ventilation system which the second floor addition necessitated. Black & Veatch's drawings included the design of certain ductwork leading from laboratory hoods on the first floor to exhaust fans located on the new second floor roof. Appellants claim Mrs. Mattes was injured because the newly constructed ventilation system inadequately ventilated the premises. Appellants' suit against Black & Veatch is necessarily premised upon the proposition that Black & Veatch designed and/or installed the purported inadequate ventilation system used at the Mobay facility.

Black & Veatch filed its summary judgment motion, pursuant to Rule 74.04. Black & Veatch submitted with its motion three affidavits of James Reichenbach,[2] a registered professional engineer with Black & Veatch who designed the ventilation ductwork, deposition testimony of Eugene B. Smith, Manager of Design Engineering Services and Construction at Mobay, documents illustrating Black & Veatch's original design, and documents illustrating Mobay's design changes to Black & Veatch's original design. Mobay's modified design was actually used to construct the altered ventilation system at the facility.

Mr. Reichenbach's affidavits, supported by Mr. Smith's deposition and the three documents, established the following facts: Mobay and Black & Veatch contracted for Black & Veatch to design the new ventilation system needed following addition of the second floor. Mobay specified in the contract the requirements necessary for the system. The system, as originally designed by Black & Veatch, would have properly worked. Black & Veatch submitted its final design drawings to Mobay in February 1979. Black & Veatch did not have contractual duties beyond the submission of these drawings and performed no work regarding the construction of the new ventilation system at Mobay's facility.[3] After Black & Veatch submitted its designs, Mobay twice substantially modified the plans submitted by Black & Veatch. Mobay changed the ductwork configuration and dimensions in Black & Veatch's design, increased the length of the vertical and horizontal ductwork, and introduced additional angles and turns, including a highly inefficient "T" intersection. Mobay's changes to Black & Veatch's design severely reduced the volume and velocity of air flow. The Mobay changes also required different exhaust fans than those designated in Black & Veatch's design. Mobay did

---

1. Black & Veatch is the only respondent. Other named defendants were voluntarily dismissed by appellants.

2. Mr. Reichenbach submitted an original affidavit and, subsequently, two supplemental affidavits.

3. Mr. Reichenbach did receive a telephone call from a Mobay employee, Mr. Armstrong, on June 17, 1981. However, the conversation was unrelated to the ventilation system and is irrelevant to the present lawsuit.

not inform or consult with Black & Veatch about these substantial changes.

Dr. and Mrs. Mattes did not offer opposing affidavits to dispute the facts presented in Black & Veatch's summary judgment motion and the supporting documents. The trial court found that Black & Veatch's affidavits, the deposition testimony, and the supporting documents unassailably proved that the ductwork constructed by Mobay was not designed by Black & Veatch and that Black & Veatch did not participate in constructing the ventilation system. Accordingly, the trial court granted Black & Veatch summary judgment. Appellants dismissed without prejudice the other remaining defendants and filed an appeal with this court.[4]

Dr. and Mrs. Mattes argue that summary judgment was inappropriate because, they aver, genuine issues of material fact were raised by the pleadings, depositions, answers, admissions, and affidavits. Additionally, appellants contend that the affidavits supporting Black & Veatch's summary judgment motion are invalid because they include inadmissible evidence.

■ Appellate courts review summary judgment by evaluating, first, whether a genuine issue of material fact existed which necessitates a trial and, second, whether respondent was, as a matter of law, entitled to judgment. *Erickson v. Pulitzer Pub. Co.*, 797 S.W.2d 853, 857 (Mo. App.1990). Summary judgment will be upheld if there are no genuine issues of material fact requiring resolution by the trier of fact. *American Bank of Princeton v. Stiles*, 731 S.W.2d 332, 338 (Mo.App.1987). " '[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party ... If the evidence is merely colorable ... or is not significantly probative ... summary judgment may be granted.' " *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)).

■ Dr. and Mrs. Mattes cite *Cure v. City of Jefferson*, 380 S.W.2d 305, 309–10 (Mo.1964) for the proposition that "their failure ... [to file opposing affidavits] does not require that judgment be entered against them." This statement of law merely explains that summary judgment is not mandatory upon the failure to file opposing affidavits. Rule 74.04(e) specifically prescribes:

When a motion for summary judgment is made and supported as provided in this Rule 74.04, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*See also Stiles*, 731 S.W.2d at 338–39. However, the absence of affidavits filed on behalf of appellants is significant to the disposition of this appeal. Appellants, by failing to submit opposing affidavits, are deemed to have admitted the facts specified in Black & Veatch's affidavits and supporting documents. *St. Charles County v. Dardenne Realty Co.*, 771 S.W.2d 828, 831 (Mo. banc 1989); *see also Hummel v. Metropolitan St. Louis Sewer Dist.*, 782 S.W.2d 451, 453 (Mo.App.1990). Therefore, the facts asserted in Mr. Reichenbach's affidavits and Mr. Smith's deposition are considered true when reviewing whether any genuine issues of material fact exist.

The preliminary issue in the case, which is potentially dispositive on the issue of Black & Veatch's liability, is whether the exhaust system designed and submitted to Mobay by Black & Veatch was the exhaust system built and used at the Mobay facility. *Christie v. Weber*, 661 S.W.2d 840, 843–44 (Mo.App.1983). Therefore, Black & Veatch was compelled to prove that its design for the exhaust system was substantially modified by Mobay.

---

**4.** Pursuant to Missouri Supreme Court decision *Magee v. Blue Ridge Professional Co.*, 821 S.W.2d 839 (Mo. banc 1991), appellants have the right to appeal the summary judgment order because the remaining defendants have been voluntarily dismissed by appellants.

Mr. Reichenbach's affidavits stated the following: Black & Veatch submitted designs to Mobay in February 1979, pursuant to contract. Black & Veatch had no responsibilities for any aspect of the construction of the ventilation system; Mobay retained the responsibility for construction of the ventilation system. Mobay twice modified the design which Black & Veatch submitted, both times without consulting or informing Black & Veatch. Black & Veatch did not know of these changes until after Dr. and Mrs. Mattes filed their lawsuit. The affiant, as an engineering expert, also stated that "[i]t is absolutely indisputable that the ductwork design changes severely reduced the ability of the ventilation system to move the desired quantities of air. As constructed, these fans were grossly inadequate to move the desired air quantities through the ductwork and across the face of the [exhaust] hoods." Finally, Mr. Reichenbach stated that the design Black & Veatch created and presented to Mobay would have performed adequately. Because appellants did not submit any opposing affidavits, the facts specified in Mr. Reichenbach's affidavits, as well as his expert opinion, are deemed admitted as true by appellants. *Hummel*, 782 S.W.2d at 453.

Dr. and Mrs. Mattes challenge the validity of Mr. Reichenbach's affidavits. Appellants argue that the affidavits are insufficient to support summary judgment because, appellants claim, the affidavits are "nothing more than a mass of conclusions of fact, conclusions of law, and hearsay from other documents and sources which are not adequately identified." Specifically, appellants identify as objectionable Mr. Reichenbach's references to the contract between Black & Veatch and Mobay, his reliance on "standard engineering calculations" which Mr. Reichenbach utilized to formulate his expert opinion, and the affiant's references in his second supplemental affidavit to statements made by Mobay regarding the exhaust system.

■ Mr. Reichenbach's reference to, and reliance on, the contract between Mobay and Black & Veatch is proper because

appellants have admitted, as a matter of law, the facts stated in Mr. Reichenbach's affidavits. *Id.* These admitted facts include the existence of the contract and its contents. Additionally, appellants did not object to the absence of the contract at the trial court. Appellants' failure to do so prevents them from now raising it as an issue to this court. *North Port Dev. Co. v. Graff*, 763 S.W.2d 683, 687 (Mo.App.1988). Therefore, Mr. Reichenbach's statements regarding the contract and its specifications are proper and admissible.

■ Appellants' argument that the affiant's expert opinion lacks substantive foundation must also fail. Mr. Reichenbach's qualifications, presented by affidavit, qualify him as an engineering expert regarding the engineering matters about which he tendered affidavit testimony. Mr. Reichenbach, utilizing his expertise as a mechanical engineer, expressed the opinion that Mobay's modifications to Black & Veatch's original design severely reduced the ventilation system's ability to remove the desired quantities of air. Mr. Reichenbach, as an expert, may properly offer his opinion regarding the effectiveness of the modifications made by Mobay because the affiant relied on admissible documents, the plans which Mobay actually used in the construction of the ventilation system, and standard engineering calculations in deducing his expert opinion. *Colbert v. Mutual Benefit Life Ins. Co.*, 608 S.W.2d 119, 123 (Mo.App.1980). The items Dr. Reichenbach considered and the standard engineering calculations which he performed would have been admissible at trial and are, therefore, admissible in his affidavit.

Dr. and Mrs. Mattes attack Mr. Reichenbach's third affidavit. Mr. Reichenbach explained by affidavit what Mobay had instructed Black & Veatch regarding the ventilation system in preparation for the Black & Veatch design. Appellants challenge these statements as hearsay and, therefore, inadmissible and incompetent to support summary judgment.

■ Hearsay is a statement of another, reported in court by a witness, offered to prove the truth of the matter asserted.

*In Interest of A.M.K.*, 723 S.W.2d 50, 53 (Mo.App.1986). If the significance of an offered extrajudicial utterance or writing lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the offered utterance or writing is not hearsay. *Bond v. Wabash R. Co.*, 363 S.W.2d 1, 5 (Mo.1962); *see also Emich Motors Corp. v. General Motors Corp.*, 181 F.2d 70 (7th Cir.1950), *rev'd* on other grounds, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951).

■ Mr. Reichenbach's final affidavit referred to the representations made by Mobay to Black & Veatch not as an attempt to prove those statements were true but for the purpose of identifying the source of the data utilized by Black & Veatch when it designed the ventilation system for Mobay. The data presented by Mobay regarding the Mobay facility was not relevant in determining whether Black & Veatch was liable to Dr. and Mrs. Mattes for injuries sustained as a result of the defective ventilation system because the record fails to disclose any duty by Black & Veatch to independently confirm the accuracy of the data provided by Mobay and on which Black & Veatch relied when designing the system.

■ Even if Mobay's instructions to Black & Veatch related by Mr. Reichenbach's final affidavit were hearsay, the appellant's objection was properly denied. Mobay's specifications, which Mr. Reichenbach referenced in his supplemental affidavit, are included in the contract between Mobay and Black & Veatch, which appellants have admitted as being true. *Hummel*, 782 S.W.2d at 453. Additionally, these statements are cumulative to what the affiant had opined to in his previous affidavits. They presented nothing new to the trial court. Mr. Reichenbach's statements in his first two affidavits, which were based on other admissible documents, were properly received by the trial court. Thus, the last affidavit in support of Black & Veatch's motion for summary judgment is not fatal to the summary judgment even if it were hearsay since it is only cumulative of Mr. Reichenbach's other admissible statements. *Biller by Summers v. Big John Tree Transplanter Mfg. & Truck Sales, Inc.*, 795 S.W.2d 630, 635 (Mo.App. 1990). "A complaining party is not ... entitled to assert prejudice by the admission of evidence if that evidence is merely cumulative to other related admitted evidence." Therefore, appellants did not suffer prejudice from introduction of Mr. Reichenbach's last supplemental affidavit.

■ Dr. and Mrs. Mattes, in their effort to identify and raise genuine issues of material fact, direct attention to Eugene B. Smith's deposition answer in which he stated that Black & Veatch's work was "essentially completed" when it submitted its design. Appellants argue that this statement implies that Black & Veatch had additional duties beyond the submission of the drawings. However, the totality of Mr. Smith's deposition dispels appellants' portrayal of this statement. Mr. Smith's deposition corroborates the averances in Mr. Reichenbach's affidavits. Appellants' references to certain portions of Mr. Smith's testimony are taken out of context and, at best, are "merely colorable" and are "not significantly probative." *Stiles*, 731 S.W.2d at 338. Thus, these select portions of Mr. Smith's testimony do not raise any genuine issues of material facts. *Id.*

Dr. and Mrs. Mattes, further attempting to raise genuine issues of material fact, refer to the deposition of Paul Pallanich, a Mobay employee. Appellants contend that his testimony implies that Black & Veatch had construction responsibilities additional to submission of designs for the ventilation system. Review of Mr. Pallanich's deposition does not support appellants' claim. Mr. Pallanich's statements demonstrate vagueness and his uncertainty regarding communications between Mobay and Black & Veatch about the design and construction of the ventilation system. Appellants' cited portion of Mr. Pallanich's deposition does not raise genuine issues of material fact.

■ Dr. and Mrs. Mattes also reference to a June 1979 internal memorandum of Mobay which purportedly indicates Black & Veatch's involvement in the modification of

the ventilation system. This memorandum was never brought to the trial court's attention and the issue may not be raised for the first time in this court. *Graff,* 763 S.W.2d at 687. Additionally, the content of the memorandum does not indicate, as appellants suggest, that Black & Veatch had involvement in the modifications of the ventilation system.

Finally, appellants note the existence of certain drawings by a sheet metal contractor depicting changes in the ventilation system's design. Review of these drawings does not establish any probative value to this appeal. Therefore, appellants have failed to demonstrate that genuine issues of material fact existed which would preclude the granting of summary judgment.

 Black & Veatch presented uncontradicted proof in support of its summary judgment motion that its ventilation system design was substantially modified by Mobay. Mr. Reichenbach stated Mobay changed Black & Veatch's design twice. These modifications severely reduced the effectiveness of the ventilation system. Black & Veatch did not have any responsibilities regarding the construction of this system, nor did Mobay consult with Black & Veatch regarding the changes. Black & Veatch did not know that modifications were implemented until after the lawsuit was filed. Mr. Reichenbach's statements are supported by the deposition testimony of Mobay's employee, Mr. Smith. Thus, Black & Veatch conclusively proved that its design for the ventilation system was not used by Mobay in constructing the system. Black & Veatch was entitled to summary judgment as a matter of law.

The motion of Black & Veatch to dismiss the appeal is denied. Marcia Mattes' motion to transfer this case to the Supreme Court of Missouri before opinion is denied. The summary judgment is affirmed.

All concur.