Dana L. **PATAKY**, Plaintiff/Appellant,

v.

**MERTENS CONSTRUCTION COMPANY**, Defendant/Respondent.

No. 59784.

Missouri Court of Appeals,
Eastern District,
Division One.

March 3, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 1992.

Application to Transfer Denied
June 2, 1992.

---

Harold O. Johnson, Mitchell Johnson, St. Ann, for plaintiff/appellant.

Jeffrey L. Cramer, Brown & James, Michael T. Ward, Brown & James, P.C., St. Louis, for defendant/respondent.

REINHARD, Presiding Judge.

Plaintiff appeals from entry of summary judgment against her in her suit against defendant general contractor to recover damages suffered in an automobile accident. We affirm.

Plaintiff was injured on April 27, 1986, when her car was struck broadside by the vehicle of Charles Todd. Todd had run a stop sign because he mistakenly believed he was on Highway 54 rather than on Highway J and, thus, he did not anticipate encountering a stop sign. Plaintiff alleged in her petition that Todd's confusion was due to defendant's failure to place adequate signs and warning devices. Defendant filed a motion for summary judgment claiming it had no control over or responsibility for the accident site. On April 24, 1986, three days prior to the accident, the district construction engineer (Moreland) and the resident engineer (Bruemmer) of the Missouri State Highway Commission (Commission) made a "semi-final inspection" of the site. Bruemmer and the district engineer (Redel) explained in depositions that when a semi-final inspection is made the Commission can require corrections, but if no corrections are needed the inspection is considered final acceptance. This procedure is provided for in Missouri Standard Specifications for Highway Construction (MSSHC) § 105.15.2 and was incorporated in the construction contract. This section provides:

**Final Acceptance:** Upon presumptive completion of the entire project, the engineer will make an inspection. If all construction contemplated by the contract has been completed to his satisfaction, that inspection will constitute the final inspection. The engineer will make the final acceptance and notify the contractor in writing of this acceptance as of the date of the final inspection.

The inspection of April 24, 1986, indicated the work complied with all specifications. No subsequent work was done and no further inspections were performed. On May 1, 1986, the Commission mailed a letter to defendant signed by Redel which read in part "the work on this project was completed on April 24, 1986, and final inspection and acceptance was made by us on April 24, 1986, as provided for in Section 105.15.2 of your contract. You are, therefore, relieved of doing further maintenance work on this project, as it will be taken care of by our maintenance forces." Redel testified in his deposition that he had the ultimate authority to approve the work and accept the project, but that he had delegated this authority to subordinates. The district construction engineer and resident engineer were his subordinates and he had given them authority to make the final inspection and to accept the project. This was standard procedure for the commission. Bruemmer said the semi-final inspection was made on April 24 and the project was accepted since no further work was to be done. Kenneth Mertens, the president of Mertens Construction Company, accompanied both Bruemmer and Moreland on this inspection. Verbal acceptance was made at that time. Also at that time, Bruemmer requested defendant leave one road sign intact until the Commission could place permanent signs. The trial court granted defendant's motion for summary judgment. The court had before it the pleadings, affidavits, contract between the Commission and defendant, portions of the Missouri Standard Specifications for Highway Construction (MSSHC), depositions of Bruemmer, Redel and Mertens, and memoranda of the parties.

In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion was filed, and accord that party the benefit of every doubt. Summary judgment may only be rendered where it is made manifest by the pleadings, depositions, affidavits, answers to interrogatories and admissions that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.-04(c); *Edwards v. Heidelbaugh*, 574 S.W.2d 25 (Mo.App.1978). When faced with a proper motion for summary judgment supported by affidavits, the party opposing the motion has the burden of coming forward with specific facts demonstrating the existence of a material issue of fact. Rule 74.04(e); *Hummel v. Metro. St. Louis Sewer Dist.*, 782 S.W.2d 451 (Mo. App.1990).

In her principal point, plaintiff contends the trial court erred in granting defendants summary judgment because it was not relieved of liability to third parties injured at the construction site in that the accident occurred before acceptance of defendant's work by the Commission. Once a contractor's work has been accepted, the contractor is not liable to third parties with whom he has no contractual relationship for injuries resulting from tortious conduct. *Singleton v. Charbois Construction Co.*, 690 S.W.2d 845, 849 (Mo.App.1985). Thus, the issue presented to us is whether acceptance was made before the date of the accident.

Plaintiff focuses on the phrase "semi-final inspection" in arguing final acceptance was not given on April 24, but rather was given on May 1. However, Redel and Bruemmer testified that the semi-final inspection is commonly considered by the Commission to be final acceptance if no corrections are required. Section 105.15.2 of MSSHC clearly provides that "acceptance [is] as of the date of the final inspection," and that section further provides that where corrections are not

needed the "inspection will constitute the final inspection." No further corrections were needed and verbal notice of acceptance was given to defendant: Bruemmer testified, "We had accepted Mertens project on April 24th." Bruemmer told defendant to leave a single road sign at the site until the Commission could place permanent signs. This clearly indicates an intention that all other equipment and property of defendant's could be removed and that the Commission would thereafter exercise control of the site.

 Plaintiff also contends the inspection of April 24 could not constitute final acceptance because only Redel had authority to make such acceptance. Section 105.-15.2 refers to "the engineer" conducting the inspection and making the acceptance. In MSSHC, "engineer" is defined as:

> the Chief Engineer or any authorized representative of the Commission. Where the term Chief Engineer is used it shall mean the Chief Engineer in person.

Thus, though Redel had ultimate authority regarding the decision, § 105.15.2 allows any authorized engineer to make the acceptance. Redel testified that his subordinates had his authorization. While plaintiff points to certain inconsistencies in the deposition testimony of Redel and Bruemmer, she has presented no evidence to rebut the Commission's basic evidence that it accepted the project on April 24, 1986. Thus, there remains no issue of fact and the trial court properly granted defendant's motion for summary judgment.

In her other point, plaintiff contends the trial court erred in granting defendant's summary judgment motion because defendant and the Commission's contract is void as against public policy in that it attempts to exempt defendant from liability to third parties for negligence. This point is without merit. The contract merely defines when final acceptance is deemed to occur between defendant and the Commission. It is the case law, not the contract, which provides that contractors will owe no duty to third parties for injuries occurring after final acceptance. Point denied.

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.