Harold L. JONES, individually, Confection Products Corp., and Tom Sawyer Enterprises, Ltd., Plaintiffs-Respondents,

v.

Janice RENNIE and Mercantile Trust Company, N.A., Defendants-Appellants.

No. 47767.

Missouri Court of Appeals, Eastern District, Division Nine.

March 12, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 26, 1985.

Application to Transfer Denied May 29, 1985.

David Wells, St. Louis, for defendants-appellants.

Frederick W. Drakesmith, St. Charles, for plaintiffs-respondents.

ROBERT LEE CAMPBELL, Special Judge.

Corporate plaintiff, Tom Sawyer Enterprises, Ltd., and Harold L. Jones as its owner sued defendant lending bank and one of its loan officers alleging defendants wrongfully obtained and recorded a junior lien on some of plaintiff Tom Sawyer Enterprises, Ltd.'s (TSE) equipment. The junior lien was imposed after defendant bank loaned funds for operating capital to plaintiff Confection Products Corporation (CPC) and CPC attempted to refinance that loan with one secured by the Small Business Administration (SBA). The petition at-

tempted to state a cause of action for slander of title on machinery and equipment of plaintiff Tom Sawyer Enterprises, Ltd., fraudulent misrepresentation, interference with business relationships, and negligent handling of the lien papers. Defendant bank filed a counterclaim against Harold L. Jones in an effort to recover a deficiency on the corporate loan under plaintiff Jones' personal guarantee.

Plaintiff Tom Sawyer Enterprises, Ltd. submitted its claim on a verdict directing instruction which permitted the jury to find against bank and its employee for "wrongfully recording" a document granting a security interest in the corporation's equipment. The trial court submitted the claim of individual plaintiff Harold L. Jones on a verdict directing instruction which permitted the jury to find that defendant bank and its loan officer fraudulently misrepresented to Jones that the security interest in the equipment would be used only with the application for a loan from the SBA. The jury found in favor of Tom Sawyer Enterprises, Ltd. against both defendants awarding actual and punitive damages. The jury found in favor of Harold L. Jones individually against both defendants awarding actual and punitive damages and in favor of plaintiff Harold L. Jones on defendant bank's counterclaim.

Plaintiff Harold L. Jones incorporated and operated CPC as a candy manufacturing business. Jones also incorporated and operated plaintiff TSE as a sales arm of CPC. During 1974 Mercantile Trust Company National Association (Mercantile) made several loans totalling One Hundred Twenty-Eight Thousand Dollars ($128,000) to CPC secured by liens on the inventory and accounts receivable of CPC and TSE. Jones signed a personal guarantee on these loans which was in his corporate capacity as owner of 78% of the stock of CPC and not individually.

During 1974, plaintiffs' candy operations encountered serious financial difficulties due to a nationwide sugar strike. As a result Mercantile made short term loans to CPC. Jones continually insisted upon long term financing and attempted to get a long term loan guaranteed by the Small Business Administration. Jones forwarded to Mercantile a completed SBA loan application together with a chattel mortgage on all of the candy manufacturing equipment of TSE. When Mercantile could not obtain an SBA loan for plaintiffs, Janice Rennie, its loan officer, recorded the chattel mortgage as additional collateral for the previous Mercantile loans to CPC. Plaintiffs contend the recording was unauthorized, but Mercantile and Rennie claim authority to record the mortgage. The jury found this issue in favor of plaintiffs.

When Mercantile failed to obtain a long term SBA loan for plaintiffs, Jones went to other banks and lending institutions in an attempt to obtain long term financing. Jones claimed that he could not obtain long term financing because of the wrongfully recorded chattel mortgage on TSE's candy manufacturing equipment.

■ It is plaintiffs' theory and the evidence supports a jury finding that the chattel mortgage on equipment of TSE was tendered to Mercantile only to be used in connection with obtaining long term financing and not as additional security for the original loans to CPC. Regardless, the damages sustained from such misrepresentations were sustained by TSE and not by Jones individually, even though he owned 100% of the stock of TSE. A shareholder is without standing to sue in his individual capacity for damages to the corporation. *Gieselmann v. Stegeman*, 443 S.W.2d 127, 130 (Mo.1969). All of defendants' dealings were with Jones in his capacity as president and 100% shareholder of TSE and not in his individual capacity. Accordingly, any wrong done by reason of the misrepresentations was done to TSE and not to Jones individually. For lack of standing the judgment in favor of Jones individually must fail and that judgment is reversed.

■ We turn to plaintiff TSE's claim. Defendants contend that TSE's cause of action is barred by § 516.140 RSMo 1978. That section provides a two-year statute of limitations for an action for libel or slander.

Defendants contend that TSE's claim for slander of title is barred by this section. This contention must fail. An action for slander of title falls within the five-year statute of limitations. *Nolan v. Kolar*, 629 S.W.2d 661, 663 (Mo.App.1982); § 516.-120(4) RSMo 1978.

Defendants contend in the alternative that if the action is not barred by the statute of limitations then they are entitled to a new trial because the trial court erroneously admitted hearsay evidence consisting of two letters, plaintiffs' Exhibits 29A and 31.

■ The court permitted introduction into evidence of plaintiffs' Exhibit 29A, a letter written by Jones to Rennie more than six months after Mercantile had recorded the chattel mortgage. The letter stated that Jones had applied to another bank for additional financing intending to use TSE's machinery as collateral. The letter further stated that the bank had discovered the existence of Mercantile's security interest and "questioned my veracity and turned down said loan application." The letter continued "[b]eing turned down here, and subsequently by numerous other banks, the much needed loan was never procured." This letter was introduced into evidence and used by plaintiffs to show that another bank or banks refused credit to plaintiffs because of the unauthorized and improper recording of the chattel mortgage. This evidence was critical in the trial since there was no other direct evidence of any specific refusal from any bank to loan money to plaintiffs because of Mercantile's recorded lien. Although the letter was written by Jones the crucial information concerning the other banks was information given to him by third parties. Out-of-court statements by third parties are inadmissible to prove the truth of the matters asserted therein because they are hearsay and not subject to cross-examination. *Buder v. Martin*, 657 S.W.2d 667, 671 (Mo.App.1983). The letter was improperly admitted into evidence.

Plaintiffs' Exhibit 31, a second letter, was a letter purportedly written to Jones from James E. Gosche, County Supervisor, on a letterhead of the United States Department Of Agriculture, Farmers Home Administration. After advising that they were unable to take favorable action on the request for a guaranteed loan, the letter stated "[s]ince the Mercantile Trust Company is unwilling to subordinate their lien this makes it doubtful if you could furnish adequate collateral to protect the interest of the lender and the Government." This letter was subject to the same defect as Exhibit 29A and should have been excluded as hearsay. *See Venator v. Venator*, 512 S.W.2d 451, 454–455 (Mo.App.1974).

Since the case must be reversed and remanded we need not rule on numerous other allegations of error. We elect to comment on those which could reoccur on retrial.

■ Defendants contend that plaintiffs' verdict director on plaintiff TSE's slander of title count was erroneous because it required the jury only to find that defendants "wrongfully recorded" the chattel mortgage rather than requiring a finding of the three necessary elements to support a slander of title judgment, to-wit: that the lien was false or invalid, that defendants acted without probable cause in recording the lien, and that TSE suffered direct injury. We find the instruction submitted the ultimate fact of whether or not defendants wrongfully recorded the mortgage and was proper.

■ Defendants also contend that TSE improperly used MAI 4.01 as the damage instruction. Defendants argue that since the corporation can only collect property damage, MAI 4.02 was the proper instruction. MAI 4.02 is designed for damage to one particular piece of property and its use in this case would confuse the jury. TSE's damages included claims for loss of building, loss of machinery and equipment, failed business and loss of corporate employees. We conclude that MAI 4.01 is a proper damage instruction where damages consist of multiple or different types of claims because it is less likely to confuse

the jury. We find no error in the use of MAI 4.01. Closing arguments may properly advise the jury as to the elements and proper measure of damage. *Boten v. Brecklein*, 452 S.W.2d 86, 93 (Mo.1970).

The judgment in favor of plaintiff Harold L. Jones against defendants Mercantile Trust Company National Association and Janice Rennie are reversed. The judgment in favor of plaintiff Tom Sawyer Enterprises, Ltd. is reversed and remanded for new trial.

KAROHL, P.J., and R. KENNETH EL-LIOTT, Special Judge, concur.