**MISSOURI OUTDOOR ADVERTISING ASSOCIATION, INC., Plaintiff–Appellant,**

v.

**MISSOURI STATE HIGHWAYS AND TRANSPORTATION COMMISSION, Defendant–Respondent.**

No. 74155.

Supreme Court of Missouri, En Banc.

March 24, 1992.

---

William H. May, Springfield, for plaintiff-appellant.

Kim R. Reid, Asst. Counsel, Mo. Highway & Transp. Com'n, Jefferson City, for defendant-respondent.

BLACKMAR, Judge.

The plaintiff association is a not-for-profit corporation that undertakes to represent the interests of vendors of outdoor advertising. It filed suit to enjoin the Missouri State Highways and Transportation Commission from implementing a project for the placing of logo signs along the rights-of-way of certain highways under its juris-

diction, claiming violation of *art. IV, § 30(b)* of the Missouri Constitution and *§ 226.530, RSMo 1986.* The logo signs announce the availability of purveyors of food, fuel and lodging at highway exits. By offering advertising space on the signs, the commission competes with the members of the association, who must resort to regulated displays on private property adjoining the right of way. The trial court entered summary judgment for the defendant commission. The association appeals, appropriately invoking our jurisdiction to resolve its claim that the enabling statutes, if construed so as to authorize the commission's program, divert gasoline tax receipts in violation of *art. IV, § 30(b)* of the Constitution of Missouri. We conclude that the summary judgment was proper.

### 1. Standing

■ Although the issue was not raised by the parties, we are obliged to consider the standing of the plaintiff-appellant, which does not itself offer space to advertisers, but which promotes the interests of those who do. Although some decisions indicate that such an association does not have standing to sue to redress the grievances of its members, we find the test enunciated by the Supreme Court of the United States in *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), appropriate for this case. The Court stated that an association could be permitted to sue on behalf of its members if:

... (a) its members would otherwise have standing to bring suit in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt,* 432 U.S. at 343, 97 S.Ct. at 2441.

Some of our appellate decisions indicate general approval of this rule. *Terre du Lac Association v. Terre du Lac, Inc.,* 737 S.W.2d 206 (Mo.App.1987); *Citizens for Rural Preservation v. Robinett,* 648 S.W.2d 117, 133–34 (Mo.App.1982). This should not preclude a holding in a particular case that the association is not an appropriate party to bring suit. *See Citizens for Waste Management v. St. Louis County,* 810 S.W.2d 635, 639 (Mo.App.1991). In the case before us, however, we see no reason why the association cannot properly present legal points common to all its members.

There is also a minimal claim to standing in that the association owns and operates motor vehicles and therefore pays the gasoline taxes that it claims are improperly diverted.

### 2. The Statutory Issue

■ The plaintiff points to the commission's concession that the logo sign program is not required by federal regulations and argues that the commission's regulations implementing the program conflict with *§ 226.530,* which provides:

The state highways and transportation commission is required to issue one-time permanent permits as provided in section 226.550 for the erection and maintenance of outdoor advertising along the interstate and primary highway systems and subject to section 226.540 to promulgate only those rules and regulations of minimal necessity and consistent with customary use to secure to this state any federal aid contingent upon compliance with federal laws, rules and regulations relating to outdoor advertising....

■ The point is not well taken. *Section 226.530* refers to restrictions on signs on private property, but visible from the highway. It is consistent with the general assembly's declaration in *§ 226.500* that "outdoor advertising is a legitimate commercial use of private property adjacent to the interstate and primary highway systems ...," and mandates a minimum of regulation of signs erected on private property. The right of way is under the exclusive control of the commission. *Mispagel v. Missouri Highway & Transportation Commission,* 785 S.W.2d 279, 282 (Mo. banc 1990). The commission's logo sign program is not a restriction but rather rep-

resents a use of the right of way by the commission, authorized by *§ 226.535*, which states:

> Signs, displays, and devices giving specific information of interest to the traveling public shall be erected and maintained within the right-of-way in such areas, in an appropriate distance from interchanges on the interstate system as shall conform with the rules and regulations promulgated by the highway department. Such rules shall be consistent with national standards promulgated from time to time by the appropriate authority of the federal government, pursuant to Title 23, section 131, paragraph f, of the United States Code.

The signs give specific information of interest to the traveling public. There is no claim that they conflict with pertinent federal standards. The commission has discretion to permit the logo signs.

### 3. The Constitutional Claim

■ Even though the purveyors who advertise on logo signs pay for the privilege, an expenditure of the commission's funds is involved. The expenditure must comport with *art. IV, § 30(b)* of the Missouri Constitution, which provides in pertinent part as follows:

> 1. For the purpose of constructing and maintaining an adequate system of connected state highways, all state revenue derived from highway users as an incident to their use or right to use the highways of the state, ... shall be credited to the state road fund and stand appropriated without legislative action for the following purposes, and no other:
>
> \* \* \* \* \* \*
>
> (1) To complete and widen or otherwise improve and maintain the state system of highways heretofore designated and laid out under existing laws;
>
> \* \* \* \* \* \*
>
> (5) For such other purposes and contingencies relating and appertaining to the construction and maintenance of such highways and bridges as the highways

and transportation commission may deem necessary and proper.

The association argues that the maintenance of logo signs is not within the constitutional perimeters. The association cites *State ex rel. State Highway Commission v. Pinkley*, 474 S.W.2d 46 (Mo.App.1971), which held, essentially, that the governing statutes did not authorize the taking of land by eminent domain for the construction of rest areas adjoining state (as distinguished from federal and interstate) highways. It also relies on *Joseph L. Pohl, Contractor v. State Highway Commission*, 431 S.W.2d 99 (Mo. banc 1968), which held that "toll roads" are not a part of the state highway system until incorporated into the system, and that highway funds could not be used for the obligations of the toll road authority.

Neither case supports the association's present contentions. The commission in its judgment could conclude that the logo signs constitute an improvement to the highways within the meaning of *Subsection (1)* of *§ 30(b)*, and so it is not necessary to rely solely on the general provisions of *Subsection (5)*. The legislature in *§ 226.535* has declared that signs helpful to the public are appropriate along the rights-of-way. The initial use of highway funds, whether reimbursed or not, does not transgress constitutional restrictions.

The judgment is affirmed.

All concur.