Ray F. WARREN and Katherine B. Warren, Plaintiffs/Appellants,

v.

MERCANTILE BANK OF ST. LOUIS, N.A., Defendant/Respondent.

No. ED 75378.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 26, 1999.

Rehearing Denied Jan. 5, 2000.

John E. Toma, Jr., Robert Hammel Brownlee, Robert W. Phillips, St. Louis, for appellant.

Daniel C. Cox, St. Louis, for respondent.

SHERRI B. SULLIVAN, Judge.

Appellants Ray and Katherine Warren ("Warrens") filed a civil action for misrepresentation seeking monetary damages against Respondent Mercantile Bank of St. Louis ("Mercantile"). The circuit court sustained Mercantile's motion for summary judgment. The Warrens assert that the circuit court erred in granting summary judgment on their misrepresentation claim because a genuine issue of material fact exists as to whether Mercantile intended to perform a promise made by William Vaughn ("Vaughn"), a Vice President for Mercantile. We find the circuit court did not have subject matter jurisdiction over the case because the Warrens lacked standing to sue individually. Reversed and remanded with directions to dismiss for lack of subject matter jurisdiction.

The issue of lack of subject matter jurisdiction may be raised at any time during a proceeding, even for the first time on appeal. *Brunig v. Humburg*, 957 S.W.2d 345, 348 (Mo.App. E.D.1997). If a party is found to lack standing, the court necessarily does not have jurisdiction of the question presented. *Bremen Bank and Trust Co. of St. Louis v. Muskopf*, 817 S.W.2d 602, 608 (Mo.App. E.D.1991).

A shareholder is without standing to sue in his individual capacity for damages to the corporation. *Jones v. Rennie*, 690 S.W.2d 164, 166 (Mo.App. E.D.1985). In *Jones*, this Court reversed a judgment for plaintiff Jones, president and 100% shareholder of Tom Sawyer Enterprises, Ltd. ("TSE"), for lack of standing. *Id.* There, Jones alleged that he could not obtain financing for TSE because of defendant Mercantile Trust Company's ("defendant's") wrongful acts. *Id.* This Court concluded that Jones could not bring a fraudulent misrepresentation claim against defendant because "[a]ll of defendant's dealings were with Jones in his capacity as president and 100% shareholder of TSE and not in his individual capacity." *Id.* Thus, this Court reasoned that "the damages sustained from such misrepresentations were sustained by TSE and not by Jones individually, even though he owned 100% of the stock of TSE." *Id.*

Similarly, in *Around the World Importing, Inc. v. Mercantile Trust Co., N.A.*, 795 S.W.2d 85, 91 (Mo.App. E.D.1990), this Court affirmed a directed verdict for defendant because plaintiffs Westhoelter and Gerhardt had no standing to sue individually. There, Westhoelter and Gerhardt approached defendant to discuss a loan for Around the World Importing, Inc. ("ATW"). *Id.* at 87. They alleged that defendant defrauded them and negligently performed an oral contract by recommending a Small Business Administration guaranteed loan, rather than some other form of financing. *Id.* at 86. Again, this Court concluded that Westhoelter and Gerhardt could not bring a fraudulent misrepresentation claim against defendant because the loan was made to ATW and defendant "dealt with Westhoelter and Gerhardt as representatives of ATW and not as individuals." *Id.* at 91. Thus, this Court reasoned that, even though "Westhoelter and Gerhardt were required to sign personal guarantees because of the then current financial condition of the company and because they were the only officers, directors and shareholders," any damages were sustained by ATW. *Id.*

Further, in *Davis v. Carmichael*, 755 S.W.2d 679, 682 (Mo.App. E.D.1988), this Court also affirmed dismissal of plaintiff's petition because Davis, an officer and 49% stockholder of Strategic Earth Resources Corporation ("SERC"), lacked standing to sue as an individual for an alleged fraudulent contractual representation to SERC. There, Davis alleged that he relied upon representations made in an agreement between SERC and defendant Kennametal and invested large sums of money in SERC. *Id.* at 681. After reviewing the agreement, including the fact that Davis signed the agreement in his capacity as secretary of SERC, this Court found that any alleged representation was made to SERC and not to Davis as an individual. *Id.* at 681–682.

Here, the material facts are similar to these cited cases. The Warrens were the sole owners of all of the outstanding stock of American Lifestyle Homes, Inc. ("ALH"), a now insolvent business that sold mobile homes to the public. In October 1990, Mr. Warren, in his capacity as president of ALH, approached Vaughn to discuss a financial restructuring for ALH in order to restore ALH's liquidity. As part of that restructuring, Vaughn promised to Mr. Warren that Mercantile would assign on ALH's behalf one-half of an Earned Reserve Income Stream that Mercantile owed to ALH to General Electric Capital Corporation, the financer of ALH's inventory. In reliance upon this promise, the Warrens invested approximately $118,000 of their personal capital in

ALH as part of the restructuring. The proposed assignment was never executed. Further, the Warrens never signed a guarantee making them personally liable for the debt they sought on behalf of ALH. Based on these facts and the reasoning of the prior cases, this Court concludes that any alleged misrepresentations were made to ALH and not to Mr. Warren as an individual and any resulting damages were sustained by ALH and not by the Warrens individually. Thus, this Court holds that misrepresentation claims based upon an agreement between two corporations and/or statements made to the officers or sole shareholders of a corporation belong to the corporation, not the individual officers or sole shareholders.

The Warrens rely on *Grogan v. Garner*, 806 F.2d 829, 834 (8 th Cir.1986), for the proposition that an individual shareholder has standing to sue for direct injuries to himself, even where the same wrongful behavior has caused injuries to the corporation. However, in *Grogan*, the plaintiffs were employees suing their employer's president for breach of fiduciary duty and securities fraud. *Id.* at 831. The plaintiffs received approximately 10% of the company shares as compensation, were not officers or directors of the company, and did not deal with the president or any third party in such a capacity. *See Id.* at 834–835. Further, they dealt with the president only in an individual capacity, not on behalf of a corporation. *Id.* Thus, *Grogan* is distinguishable on its facts from the present case.

Accordingly, the Warrens lacked standing to bring the misrepresentation claim against Mercantile, and therefore the circuit court did not have subject matter jurisdiction over this case. Because the Warrens do not have standing to bring the claim, this Court need not address the merits of their point on appeal. The judgment of the circuit court is reversed and remanded with directions to dismiss for lack of subject matter jurisdiction. Costs on appeal are to be taxed against the Warrens.

CRANE, P.J. and ROBERT G. DOWD, Jr., J., concur.