**GREENPOINT CREDIT, L.L.C., Respondent,**

v.

**MISSOURI DEPARTMENT OF REVENUE, Appellant.**

**No. SC 84349.**

Supreme Court of Missouri,
En Banc.

March 4, 2003.

---

1. All statutory references at to RSMo 2000.

Appeal from the Circuit Court of St. Louis County; Kenneth Romines, Judge.

Jeremiah W. (Jay) Nixon, Attorney General, Charles W. Hatfield, Douglas E. Nelson, R. Jeffrey Harris, Assistant Attorneys General, Jefferson City, for appellant.

David G. Wasinger, Randall T. Oettle, Rebecca A. Nickelson, St. Louis, for respondent.

James P. Gamble, St. Louis, for amicus curiae.

LAURA DENVIR STITH, Judge.

■ As in *Conseco Finance Servicing Corp. v. Missouri Department of Revenue,* 98 S.W.3d 540 (Mo. banc 2003), the trial court in this case enjoined the Missouri Department of Revenue from issuing certificates of title under sections 700.525 through 700.541, governing abandoned manufactured home title disposition (AMHTD), after · determining that AMHTD unconstitutionally deprives homeowners and secured parties of their property interests in manufactured homes without adequate notice or other process and is unconstitutionally vague.

In *Conseco,* this Court held the court erred in reaching the identical constitutional issues raised as to secured parties without first reaching the standing issue and preliminary factual issues presented, and remanded for consideration of such issues. The same reasoning applies here. This Court remands so that the court can

consider these issues raised as to secured parties before determining the constitutional issues raised.

 *Conseco* also held that the trial court erred in reaching the constitutional issues raised as to homeowners without first giving the department an opportunity to answer the allegations raised by the plaintiff homeowners and remanded for reconsideration of the constitutionality of AMHTD as to homeowners once the department has had an opportunity to answer and conduct necessary discovery on that issue. No homeowners have joined as individual plaintiffs in this action, however, and, while Greenpoint attempts to attack the constitutionality of AMHTD as applied to homeowners, it has failed to show that it has standing to do so as a representative of homeowners or in its own right, either because it owns homes that it has repossessed that may be subject to AMHTD, or because the homeowner provisions affect it as a secured party. Accordingly, Greenpoint does not have standing on this appeal to raise issues regarding the constitutionality of AMHTD's homeowner-related provisions.[1] Because this Court remands on other grounds and because on remand individual plaintiffs may join or Greenpoint may offer additional evidence on the issue of standing, the Court remands for further proceedings on this issue also. Reversed and remanded for further proceedings.

WHITE, WOLFF, BENTON, and PRICE, JJ., concur.

LIMBAUGH, C.J., concurs in separate opinion filed.

TEITELMAN, J. concurs in opinion of LIMBAUGH, C.J.

---

1. *See e.g., Missouri Outdoor Advertising Ass'n v. Missouri State Hwy. & Transp. Comm.,* 826 S.W.2d 342, 344 (Mo. banc 1992) (organization can sue in representative capacity if members have individual standing, their interests are germane to organization's purpose

STEPHEN N. LIMBAUGH, JR., Chief Justice, concurring.

For the reasons stated in my concurring opinion in *Conseco Finance Servicing Corporation, f/k/a Green Tree Finance Servicing Corp., et al. v. Missouri Department of Revenue,* 98 S.W.3d 540 (Mo. banc 2003), I would hold that plaintiffs have not yet established standing, and the court had no jurisdiction to enter a judgment.

and neither the claim nor the relief require participation of individual members); *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 227, n. 6 (Mo. banc 1982) (standing is jurisdictional matter antecedent to right to relief).