**DAVIDSON INSURANCE AGENCY, LTD., et al, Plaintiffs,**

**Justin Rutledge and Sharon Kay Johnson, Plaintiffs–Appellants,**

v.

**WEST PLAINS R–7 SCHOOL DISTRICT, et al., Defendants–Respondents.**

No. 27941.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 18, 2007.

John Lawrence Davidson, St. Louis, MO, for Appellants.

Thomas A. Mickes, Chesterfield, MO, for Respondent West Plains R-7 School District.

Paul Grant White, Springfield, MO, for Respondent The Jenkins Group d/b/a Jenkins & Associates.

Allen David Allred, St. Louis, MO, for Respondent, Premier Health Insurance Co., Inc.

JEFFREY W. BATES, Chief Judge.

Justin Rutledge (Rutledge) and Sharon Kay Johnson (Johnson) appeal from a summary judgment entered against them in an action seeking to cancel a health insurance contract for the employees of the West Plains R–7 School District (the District). All of the defendants in the case challenged the standing of Rutledge and Johnson to obtain such relief. Because the trial court did not rule on the standing issue before reaching the merits of the action, we are compelled to reverse the judgment and remand the case for further proceedings.

In May 2005, Rutledge and Johnson were two of twelve plaintiffs who brought a lawsuit seeking to cancel a health insurance contract between the District and Premier Health Insurance Company (Premier).[1] The contract insured the District's employees for the 2005–06 fiscal year. The suit alleged that the District failed to follow proper competitive bidding procedures and named the District, its superintendent and the seven members of the school board as defendants. Premier and Jenkins & Associates (Jenkins) were granted leave to intervene in the lawsuit.[2]

The petition asserted two alternative bases upon which Rutledge and Johnson claimed to have standing to challenge the insurance contract. First, the petition alleged that they were citizens of Missouri and residents of the District, which purportedly gave them standing pursuant to § 162.631 RSMo (2000). Second, the petition alleged that they were taxpayers of the State of Missouri, the District or both. The District, Premier and Jenkins all filed answers to the petition. Each answer denied the aforementioned factual allegations and affirmatively asserted that Rutledge and Johnson lacked standing to obtain any relief. The issue of whether Rutledge and Johnson had standing was never decided by the trial court.[3] Instead, the court granted summary judgment on the merits in favor of the District, Premier and Jenkins. This appeal followed.

Rutledge and Johnson contend that the trial court erred in granting summary judgment for a variety of reasons. We are unable to address any of these contentions because the trial court has not yet determined whether Rutledge and Johnson have standing to proceed as plaintiffs in their lawsuit.

"Standing is the requisite interest that a person must have in a controversy before the court." *State ex rel. Mink v. Wallace,* 84 S.W.3d 127, 129 (Mo.App. 2002). It is a threshold issue in every lawsuit because a party that lacks standing cannot obtain any relief. *Continental Coal,*

---

1. Prior to the entry of judgment, all of the other plaintiffs' claims were voluntarily dismissed.

2. Jenkins was the insurance producer that organized an insurance bidding block of several schools, including the District.

3. Appellants' brief states: "Following discovery, the Respondents moved for summary judgment and Appellants made four cross motions for partial summary judgment, the reserved issues including ... whether appellants were taxpayers to either or both the State of Missouri or the West Plains R–7 School district and whether appellants were citizens and residents of the R–7 district, issues which respondents refused to concede." In Respondents' joint brief, they note that Rutledge and Johnson "are allegedly taxpayers residing in Howell County, Missouri."

*Inc. v. Missouri Land Reclamation Comm'n,* 150 S.W.3d 371, 378 (Mo.App. 2004). The question of a party's standing can be raised at any time, and an appellate court may do so *sua sponte. State ex rel. Mathewson v. Board of Election Comm'rs of St. Louis County,* 841 S.W.2d 633, 634 (Mo. banc 1992).

It is evident from the record before us that the standing of Rutledge and Johnson was challenged below, but the trial court proceeded to dispose of the case on the merits without first deciding the standing issue. That procedure was in error. As our Supreme Court explained in *Farmer v. Kinder,* 89 S.W.3d 447 (Mo. banc 2002):

> Standing is a jurisdictional matter antecedent to the right to relief. It asks whether the persons seeking relief have a right to do so. Where, as here, a question is raised about a party's standing, courts have a duty to determine the question of their jurisdiction before reaching substantive issues, for if a party lacks standing, the court must dismiss the case because it does not have jurisdiction of the substantive issues presented. Lack of standing cannot be waived.

*Id.* at 451 (citations omitted). Because the trial court did not decide the preliminary factual issues relating to standing before addressing the merits of the action, the case must be remanded. *See Greenpoint*

*Credit, L.L.C. v. Missouri Dept. of Revenue,* 98 S.W.3d 553, 554–55 (Mo. banc 2003); *see also Conseco Finance Servicing Corp. v. Missouri Dept. of Revenue,* 195 S.W.3d 410, 413 n. 3 (Mo. banc 2006).

The summary judgment in favor of the District, Premier and Jenkins is reversed. The case is remanded with directions to the trial court to determine whether Rutledge and Johnson have standing. Because alternative bases for standing have been alleged, the court should make specific factual findings concerning each one. If both plaintiffs lack standing, the case must be dismissed for lack of jurisdiction. *See Shannon v. Hines,* 21 S.W.3d 839, 842 (Mo.App.1999); *Warren v. Mercantile Bank of St. Louis, N.A.,* 11 S.W.3d 621, 622 (Mo.App.1999). If either Rutledge or Johnson is found to have standing, the court then may address the substantive issues in the case.

BARNEY, J., Concurs.[4]

LYNCH, J., Concurs.

4. After submission, Judge Garrison retired from the Court and was replaced on the panel by Judge Barney.